IN THE UNITED STATE DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

[A]

United States Courts
Southern District of Texas
FILED
OCT 05 2020
David J. Bradley, Clerk of Court

Luis E. Class
TDCJ# 02303801
Plaintiff

V.

Lori Davis - Director TDCJ Institutional
Kimberly Klack - Mental Health Manager Ellis Unit
Kelly L. Strong - Warden II Ellis Unit
Christopher S. Lacox - Assis. Warden Ellis Unit
Lisa M. Nichols - Major Ellis Unit
Candy L. Montgomery - Captain Ellis Unit
Cesar Treviño - Captain Ellis Unit
Isaac J. Clark - Sargent Ellis Unit
1697 Fm 980
Huntsville, Tx, 77343
defendant's

COMPLAINT

Civil Action No ______

[B]

# I. JURISDICTION & VENUE

① This is a civil action authorized by the Americans with Disabilities Act (ADA) in 42 U.S.C §§ 12101-12213 and by 42 U.S.C Section 1983 to redress the deprivation, under disabilities, under color of state law, of rights secured by the Constitution of The United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seek declaratory relief pusuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claim for injuctive relief are authorized by 28 U.S.C. Section 2283 and 2284, and RULE 65 of The Federal Rules of Civil Procedures.

② The (Southern District, Houston Division, Walker County) is an appropiate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

Cont → P. 2

## II. PLAINTIFF [C]

③ Plaintiff (Luis E. Class) is and was at all times mentioned herein a Prisioner of the State of (Texas) in the custody of the (Texas Department of Criminal Justice) Department of Corrections. He is currently confined in (Ellis Unit), in (Huntsville Texas) (Walker County).

## III. DEFENDANTS [D]

④ Defendant, (Lori Davis) is the (Director Institutionally) of the State of (Texas) (Texas Department of Criminal Justice) Department of Corrections. She is legally responsable for the overhall operation of the Department and each institution under it's jurisdiction including (Ellis Unit), where Plaintiff are confined.

⑤ Defendant, (Kimberly Klock) is a (Mental Health Manager) of the (Texas Department of Criminal Justice) (Texas) who, at all times mentioned in this complaint, she'd the position of (Manager) and was assigned to (Ellis Unit).

⑥ Defendant, (Kelly L. Strong) is the (Warden II) of (Ellis Unit). She is legally responsable for the operation of (Ellis Unit) and for the welfare of all inmates in the prision.

⑦ Defendant, (Christopher S. Lacox) is the (Assistant Warden) of the (Ellis Unit). He is legally responsable for the operation of (Ellis Unit) and for the welfare of all inmates in the prision.

⑧ Defendant, (Lisa M. Nichols), is a Correctional Officer of the (Texas Department of Criminal Justice), who at all times mentioned in this complaint, she'd the rank of (Major) and was assigned to (Ellis Unit).

⑨ Defendant, (Candy L. Montgomery) is a Correctional Officer of the (Texas Department of Criminal Justice) who, at all times mentioned in this complaint, she'd the rank of (Captain) and was assigned to (Ellis Unit).

Cont. P. 3

P.3

(10) Defendant, (Cesar Treviño) is a Correctional Officer of the (Texas Department of Criminal Justice) who, at all times mentioned in this complaint, he'd the rank of (Captain) and was assigned to (Ellis Unit).

(11) Defendant, (Isaac J. Clark) is a Correctional Officer of the (Texas Department of Criminal Justice) who, at all times mentioned in this complaint, he'd the rank of (Sargent) and was assigned to (Ellis Unit).

(12) Each defendant is sued individually and (his/her) official capacity. At all times mentioned in this complaint each defendant acted under discrimination to an American with Disabilities law 42 U.S.C. §§12101-12213 and under the color of State law 42 U.S.C. Section 1983.

## IV. FACTS [E]

(13) The Plaintiff's state that on March/23/2020, approximately at lunch time, was in the pill window line waiting medications with other inmates, when a Inmate Critical Situation (ICS) occurred in the dinning hall. Officer Hopkins tolds, to all the inmates waiting for medications in the pill window line, to "sit on the floor facing the wall," Plaintiff turn face to the wall and told the officer about his surgeries in lower back area, officer Hopkins repeately told's the Plaintiff "to sit on the floor." Plaintiff squad the most that he can until he get tired and lean on the floor facing up, bending his knees, Office Hopkins went to the line to pick up all the ID's for the pill window purpose, when SGT. Timmons P. Davis, went out from building G13 in front of the pill window line to see what was happening with the Plaintiff, plaintiff tolds SGT. Davis about his surgeries and that he lived at front in G15 building. Imediately (Captain Candy L. Montgomery) went towards the plaintiff and the SGT. Davis and yeld at the Plaintiff

Cont → P.4

## IV FACTS

⑬ "Sit your ass up"; The plaintiff responded to the Captain, that he can't sit on the floor because his surgeries, when Captain Montgomery yeld's again, "Sit your ass up or I will drag you to the F-building (Segregation), plaintiff tolds the Captain "Mam do whatever you have to do, but I told you, I can't sit on the floor." Captain Montgomery told SGT. Davis to pick the plaintiff and sent him up to F-building cell #7 for more than 6 hours, for no reason. no mattress, dinner without spoons and cup, to eat and drink, and plaintiff was forced to claim stairs up and down. After that time pass, SGT. Timmora Davis released the the Plaintiff from Segregation F-building and sent him to his building G15 without disciplinary action taking against him and without the proper investigation about Plaintiff medical status and restrictions. Different's prisoners were at the moment in the line that can testify in Plaintiff behalf, (Jorge L. Larralde). Plaintiff make a Step 1 Grievance about the situation that makes plaintiff's disabilities worse and painfull, the response of that grievance came from the (Assistant Warden Mr. Christopher S. Lacox), that not even had the proper investigation using the U.G.I. (Unit Grievance Investigator) and placed that the Captain Montgomery act with proper professionalism when the plaintiff lay in the floor of the main hallway that is almost 30 feets wide and plaintiff was laying in the floor facing up with his knees bending up, so the medical staff had more than 25 feet to pass over with the emergency (and by the way the Plaintiff told everybody involve that he lived at front of the pill window were he was laying down and about his medical disabilities.

Cont → P.5

# IV FACTS

(13) Improper investigation against Plaintiff show discrimination and unprofessionalism from the Captain Candy L. Montgomery and the Assistant Warden Christopher S. Lacox, not mentioned that they even talked or interview the Plaintiff at any moment. Step2 Grievance were conducted by Plaintiff, because it's understandable, in the answer of the Step1 Grievance that the investigation protect the staff (TDCJ officers) instead to seek all the situations that were at that moment. Step2 Grievance came answered that they will continue monitored to ensure professionalism and policy compliance, but NOT mentioned about the physical and psycological damage at that moment, that the plaintiff untill now, still hurt more and more, and his mental disability is even worse everyday because of that. (Exhibit A, B) to present to this Honorable Court the due proccess that prisoners had in Ellis Unit and Plaintiff's stayed in Step2 Grievance that no Grievances, at all times, in the building and the officers in the building always said that there are not available. Prisoners in building G15 helps the Plaintiff with Grievances copies. (Exhibit I, J) to prove and show to this court plaintiff medical restrictions.

(14) The Plaintiff stayed that on April 21 2020, medical department took place in G15 building to check prisoners temperatures because the COVID#19 pandemic, where the Plaintiff was told to pack his belonging because his temp. was 99.5°F and for the protection of other prisoners in mentioned building, officer Dixon and a female SGT. told the Plaintiff that he's going to B2 building for quaranteen, but they didn't told the plaintiff that he had to climb stairs to B2-3-11B in the third floor. The Plaintiff told about his disabilities and their answer was, for now he'd to go upstairs.

Cont→P. 6

## IV FACTS

(14) Plaintiff claiming stairs with a cane, his mattress, and personal belongings, one at a time, for thee times, up and down without help from officers or Prisoners. Next day in the afternoon, Plaintiff was told to pack again and go down to 2nd floor B2-2-5B. On April/23/2020 in the afternoon the Plaintiff was told to pack again and go down to 1st floor B2-1-12B. Again at all the time, up and down stairs without proper help to carried mattress and personal belongings. The Plaintiff state that on those cells where he was relocated, was alot of concrete dust in the walls, bunks and floors, the Plaintiff was told from medical staff that he was positive of COVID#19. The building B2 was full of construction dust, hallways, handrails, floor, toilets, etc.... The maintenance crew were replacing toilets and sinks in the com-complete building B2, prisoners with respiratory sickness, placed in that building that had Hazard and Dangerous conditions, specially the Plaintiff that has numesous of conditions, (asthma, sinus, hypertension, etc...). The Plaintiff was told from (SGT. Dennis Poteet) that he has to go again to 2nd. floor and he tolds the (SGT. Poteet) about his disabilities, and what was going on in his situation about climbing stairs for days, SGT. Poteet talked to (Captain Cesar Treviño) and Captain Treviño responded was "no restriction are allowed in isolations and if the Plaintiff no tobey, he is going to be removed from minimum custody and placed in medium custody, plus a major case, disciplinary action could harm the good time in prison, for the Plaintiff privilage to make Parole. To avoid situations, Plaintiff claim stairs with his belongings and mattress, that weight more then 20 pounds each one, hurting more his lower back conditions and damage more his spinal cord and right asciatica nerves, not mentioned his mental state with depression, anxiety, strees, insomnia, etc... . The Plaintiff made a Step 1 Grievance and with to many witnesses that were with the Plaintiff in the same building B2 because the guaranteen of the COVID#19 (Jorge L. Larralde, Jerry Schilling, Luis Vazquez, Pete Guerrero, Rolando Rodriguez) and all the prisoners that were placed in that building for the same reason. The response from that Step 1 Grievance came from (Assistant Warden Mr. Christopher S. Lacox) that an investiga-

Cont → P.7

(14) tion was conducted and no construction recently according maintenance and that the Plaintiff is no longer in that building B2, no policy violations have been noted. (Assistant Warden Mr. Chistoper S. Lacox) stayed, without mention Plaintiff witnesses and the situation with Captain Treviño, about forcing, by treat, the Plaintiff to claimb stairs up and down for days, same with this Step 1 Grievance situation, the Plaintiff placed Step 2 on June/2/2020, notifying grievances cordinators and investigators about everything placed in Step 1, were without proper process and investigators, and this Step 2 appeal came answered in the same manner that the Step 1, with insufficient evidence to support allegations that B2 building has dust or debris. They state that maintenance staff checked and allegations from Plaintiff could not be confirmed and Plaintiff currently not lived there anymore, not mentioned Plaintiffs witnesses, that they were with the Plaintiff at all times. If you can see the favoritisims of this Department of Correction and the protection that they have with their staff (offices, employees) and the discrimination against prisoners, Specially prisoners with disabilities. (Exhibit C, D) attached to verify plaintiff grievance exhaustion and to prove the unprofetionallism from Higher Rank Staff in (Ellis Unit) (TDCJ). (Exibit I, J) attached to prove plaintiff restrictions.

(15) At this moment the Plaintiff grieve that he's being place to go to work in different areas of the Ellis Unit (TDCJ). Plaintiff make differents I-60 forms (Inmate Request to Official) to let the department incharge knows, the disabilities of the plaintiff. The Plaintiff wrote those, those request I-60 to medical department and worker supervisors, but from the worker supervisor, he never received an answer, the Plaintiff just received job changes, instead job restrictions because his disabilities. The Plaintiff make Step 1 grievance to let those department's his concerns about his disabilities, and he received, that medical records were review and his restrictions reviewed and updated to meet the Plaintiff current medical conditions, that the Plaintiff was scheduled for appointment on May/20/2020, but not escorted by security and being rescheduled, medical does not have the authority over job assigments and if the Plaintiff feel like is being worked outside his restrictions, contact security, and that's what the Plaintiff did without response, just job changes at all times.

Cont → P.8

## IV FACTS

(15) The Plaintiff make a Step 2 appeal from the responsed of Step 1, because nothing from Worker Supervisors at all times and Plaintiff ask for the help from Regional Office in this situation, letting them Know about his disabilities and medical problems, and what was happening with him, and if the Plaintiff not compel to go to work, santions against him were placed it, and the strees, anxiety and depression that this situation cause to the Plaintiff, that is unable to work at all times Since 2011. The Step 2 responsed appeal came stayed, that the medical restrictions were reviewed. That according to documentations the appelate review of the medical grievance supports the response provide the Step 1 level, that the Plaintiff have the proper restrictions and if the Plaintiff is being placed to work against medical restrictions, he had to make an I-60 to Classification. In Step 1 the Plaintiff has to contact security for the manner about his restrictions and his assigment to the jobs, and in the Step 2 the Plaintiff has to contact classification about the same manner, at you can see, it's a total of miscomunication and unethical solutions from this Department of Corrections and how this Department worked, and the protection that they have with staff's and the formal and due process that they supose to have with Prisoners, specially prisoners with disabilities. (Exhibit E, F, G, H) attached to verify that the Plaintiff was asKing for assistance and and the response of it. After every grievances and I-60, the Plaintiff receive a job change. (Exhibit I, J) to prove plaintiff restrictions and the date of the job changes and I-60, grievances that Plaintiff made, you can see it all and from the Worker Supervisor never received an answer, "Upon information and belief," the Plaintiff state that the Worker Supervisor is (Major Lisa M. Nichols).

(16) At this moment Plaintiff state that in July/10/2020, he was discriminated against his disabilities, when the Plaintiff received a disciplinary action against him for something that was not his responsability and was his cell inmate (Mr. John R. Castaneda). (SGT. Isaac J. Clark) went to the Plaintiff cell G15-1-18B with a document for a disciplinary hearing and if the Plaintiff wants to wave his right to have a hearing in 24 hours, to be present in a hearing, SGT. Isaac Clark tolds the officers in charge that the Plaintiff don't want to appear in the hearing that day, when the Plaintiff sign the document to have the hearing in 24 hours, after that day. The Offender Orientation

Cont → P. 9

IV FACTS

(116) Handbook, Disciplinary Rules and Procedures Offender Correctional Institution Division, state that in General Procedures, Chapter 1, Section VII, Page 71, Sub. A(3,4), all concerning about hearing method in a disciplinary action has being taking after that hearing to prove inocence or guiltyness of a prisoner and Sub. C(4), Special Procedures for Psychiatric Patients, when at all times the Plaintiff told SGT. Clark about his disabilities and his medications, that make him dizzy, blurry, sleepy, etc..., and the Plaintiff wasn't able to compel at that moment to the hearing because his medications and that's way the Plaintiff asked and sign for 24 hours hearing. SGT. Isaac J. Clark act with totally discrimination and in a violations of Rules and Laws for prisoners, specially against a prisoner that have mental and physical impairments; at all times, when the SGT. Clark went to his superiors and told them that the Plaintiff do not want to appear in the hearing at any time. Plaintiff made Step 1 grievance about this situation, because he was placed in a disciplinary restriction from Commissary and recreation without the proper proccess. At that time Plaintiff was placed with 25 days restrictions for something that he didn't committ. With snacks and TV's, the Plaintiff relief, most of the time his anxiety attacks, strees, depressions; in that moment and because of it, his mental impairments increase, making him more emotionally unstable and making his family members more anxious about all the situations that the Plaintiff are being having. More specifications about disciplinary rules and procedures are in the Disciplinary Rules and Procedures for Offenders Correctional Institution Division, GR-106 Aug 2019 Page 6, Chapt. III, Minor Disciplinary Hearing Procedures, Sect A(2) Hearing, an offender shall be served notice of a charge usually by a Correctional Officer at least 24 hours Prior to the disciplinary hearing. The charges shall be explained to the offender in terms the offender can understand and with 30 days of discovery of the alleged violation. Offenders may not be sbbject to any form of coercion designed to persuade them to waive the right to 24 hours notice. If an offender is offered to an opportunity to waive 24 hours notice, they shell be fully informed in terms intelligible to them, of the nature of the rights at stake. Offenders shall be informed of their rights to submit a writen statement to DHO (Disciplinary Hearing Officer) in response to the charge.

Cont → P. 10

IV FACTS

(16) The applicable procedures to be followed are specified in the D.D.P. and the Correctional Managed Health Care Policy Manual. Chapter VI Procedures for actual hearing, Page 15,16, Sect (A) Presence of Offender at the Disciplinary Hearing, Sect (B), Presentation of Evidence, were in totally violation. It is the policy of the (Texas Department of Criminal Justice) to operate a swift and fair disciplinary process that embodies constitutional and satutory standars. The goals of the offender disciplinary process are to:

a) maintain order, and control of institutional safety,
b) ensure offenders are not disciplined unfairly,
c) ensure the Constitutional Rights are protected.

As you can see Plaintiff's rights are being violated many times during his time incarcerated in (Ellis Unit) (Texas Department of Criminal Justice) (TDCJ). Step 1 grievance came answer by (Assistant Warden Mr. Christopher S. Lacox) that minor disciplinary case #20200230404, has been reviewed and no procedural errors were noted. It appears that there was sufficient evidence to support a finding of guilt. The punishment imposed was within the established guidelines... . As understanding, the protection to staff members (officers, employees), instead seeking the right and true process by LAW. (Exhibit I) to prove Plaintiff's had those restriction of his physical and mental disabilities and since when Plaintiff's had those restrictions in the (Texas Department of Criminal Justice) (TDCJ) (Ellis Unit). (Exhibit L) to prove Plaintiff's exhaustion. (Exhibit K) to show statement from offender.

(17) At this moment the Plaintiff stayed that after his situation with SGT. Clark in July/10/2020, when the Plaintiff knew he was placed in a disciplinary restriction, the Plaintiff made an I-60 form (Inmate Request to Official) in July/16/2020 to (Ms. Kimberly Klock) (Mental Health Manager), with the I-60 form on hand, Plaintiff went to the infirmary to talked with mental health department, about his depression, strees, anxious at that moment because the disciplinary restrictions, and "upon information and belief", from inmates in G15 building, about mental health department has to help; Plaintiff at all times. Plaintiff went to medical area, asking female officer Ms. Birk, for Ms. Kimberly Klock. Plaintiff procede to explain everything to Ms. Klock, what was happening with him and the simtoms that, that situation was harming the Plaintiff. Plaintiff asked for help and her response in that moment was "It's nothing I can do, you have to make a Grievance". Prisoners from G15 building read the Plaintiff's restrictions sheet and told him to make a grievance to Ms. Klock, Kimberly. Step 1 grievance was made, explaining what was happening with Ms. Klock and the Rules and Laws that were in violation against Plaintiff.

Cont P. 11

IV FACTS

(17) At that time, after the Plaintiff grieve what was happening with Ms. Klock, the Plaintiff asked to medical department for a copy of the Plaintiff medical restrictions sheet, because the old one was ripping apart for the used, showing officers heat restrictions, lower bunk, etc..., the Plaintiff receive on July 29/2020 a new copy of his medical restrictions and Plaintiff's noticed that Disciplinary Process in Section IV, that stayed that consult representative of mental health department before taking disciplinary action and mental health representative required, that provider Ms. Loren E. Hallmark ordered in Feb 11/2020 for Plaintiff records, went erased after the Plaintiff grievance in July 16/2020.

As you can see this Department of Correction (Ellis Unit) (TDCJ) staff and High rank officials retaliate against prisoners, even prisoners with physical and mental impairments, not giving them the protection and not following the Rules and Laws, and NOT mentioned the violation of the Constitution of United States and Laws of the Texas Department of Criminal Justice (TDCJ). (Exhibit M, N) to prove Plaintiff's exhaustion remedies seeking for help and (Exhibit I, J) to prove the retaliation against Plaintiff mental disability at all times.

(18) At this point that the Plaintiff is being trying to get help, he went to the front desk on July 16/2020, where (Captain Candy Montgomery) and (Captain Cesar Treviño) were at the time (noon) and Plaintiff ask for help and he was totally ignored from those Captain's. In front of the Commissary was (Leutenant Seth J. Thompson) and the Plaintiff asked him if he can help. Leutenant Thompson was passing face mask in front of the Commissary and Plaintiff explained to him about what was happening and the depression, anxiety, strees, that he was facing for all the situations against him, and Leutenant Seth J. Thompson told the Plaintiff to make an I-60 form to the (Warden Ms. Kelly L. Strong) and try to explain everything to her. Plaintiff make that I-60 with an attached note to the Warden (Ms. Kelly L. Strong). (Exhibit O) attached to prove the gestion from the Plaintiff to solve all the situations before. Until the dated of this complaint, no answer from the Warden Ms. Kelly L. Strong.

Cont → P.-12

IV. FACTS

(19) At this time the Plaintiff state that the retaliation and discrimination against him from all the departments of (Texas Department of Criminal Justice) (Ellis Unit). An a Step 1 grievance came returned from the department of grievances in August/21/2020, stated that reviewing the medical records from the Plaintiff, shows that the Plaintiff have multiple of restrictions but not have a current restriction that warrants a disciplinary restriction. That Step 1 grievance is denied and no further action is warranted at this time. In this situation against Plaintiff you can see the manipulation, retaliation, discrimination, unproffessionallism, hate, maliciously and watones against prisoners (Exhibit I, J, L, M, N, T) shows that Plaintiff exhaustion is workless against in this (Ellis Unit) (Texas Department of Criminal Justice), when you can see that after Plaintiff presented the Step 1 grievances against (ms Kimberly Klock) Mental Health Manager and (SGT. Isaac J. Clark); the (Assistant Warden Mr. Christopher S. Lacox) answered the grievance after Ms. Kimberly Klock ereased the medical restriction of the Plaintiff that stated in Sect IV in (Exhibit I, J), that the provider (MD. Ms. Loren E. Hallmark), Placed in Plaintiff behalf in (February/11/2020). Assistant Warden Mr. Christopher S. Lacox answered that no errors in procedural manners were found, in Step 1 grievance against SGT. Isaak J. Clark and in Step 1 grievance against Ms. Kimberly Klock came answered that no record show a current restriction that warrant disciplinary restrictions. If you can see this Step 1 even came answered without proper signatures, just investigators code and dates. You can see the complot in dates in each (Exhibits I, J, L, M, N, T) in the Texas Department of Criminal Justice (Ellis Unit). Dates can confirm all the retaliation, watones, complot, hate, discrimination, manipulation, that each member of Higher Ranks in Texas Department of Criminal Justice (Ellis Unit) has against prisoners specially with prisoners that had mental and physical impairments, even the I-60 form that the Plaintiff made and went to the medical department is not sign, (Exhibit M) from Mental Health Department.

Cont → P. 13

IV. FACTS

10) The Plaintiff state in this ocation that on (June|24|2020), he was trying to go to breakfast in the mourning (3:20AM) when he get stuck inside of his cell because he didn't heard the officers from the run or the picket calling for Shaw. Office Okubulle came to Plaintiff cell because Plaintiff was making noise to let the officers know that he was stuck and he want to go to breakfast. Officer Okubulle told the officer in the picket (officer Kouyen) about the Plaintiff situation that he get stuck in the cell, and officer kouyen female responded "I don't give a fuck" if he wants to eat or not. After 30 minutes officer Cher Thomas enter in the picket and open the cell for the Plaintiff and officer Okubulle told the Plaintiff to go to the front desk. Plaintiff went to the front desk after he ate an incomplete breakfast (Plain pancakes). Leutenant Isaias Vargas was at the front desk and Plaintiff explain what was happening and Leutenant Isaias Vargas dismissed the Plaintiff. Plaintiff make a Step 1 grievance and if you can noted the preference and discrimination, not mentioned the unproffessionallism of this Texas Department of Criminal Justice (Ellis Unit) when Rules and Laws are in violation. In June|26|2020) the Plaintiff made the Step 1 grievance and in (June|29|2020) came answer that the time period has expired, when in the Offender Orientation Handbook (Texas Department of Criminal Justice, Director of the Correctional Institution Division, Approve and Printed in February 2017, state in Chapter 1, Sect. VII, Page 73, Grievance Procedures for offenders, that offenders have 15 days from the date of the alleged incident or occurrence of the issue presented in which to complete the Step 1 grievance form and foward it to the Unit Grievance Investigator (UGI). (Exhibit S, in the back) to prove grievance violation of Law and Rules in Texas Department of Criminal Justice (Ellis Unit).

Cont → P. 14

IV FACTS

(21) At this time Plaintiff medical conditions are not prioritized at any time, because the COVID#19 Pandemic. Plaintiff is hurt because the used of the Texas Department of Criminal Justice shoes, (Canvas, Yakie Shan), name of the shoes, and Plaintiff lower back disabilities and foot surgeries, that make him scared to fall because use those Canvas shoes, are very sleepery in wet floor, winter season, fall season, Spring season and when the prisoners mop or swipe the floors to clean. Until the dated Complaint the Plaintiff is without proper shoes and therapies for his lower back and left leg (surgeries). (Exhibit P) to show Plaintiff to get help in his conditions.

(22) (Exhibit Q) to show this Honorable Court the Plaintiff desperation to receive help, and the answer from Texas Department of Criminal Justice, about a letter submitted to the Ombudsman Office, because Plaintiff limitation to used phone because, his family members had an International phone number, from Puerto Rico United State territory, and Texas Department of Criminal Justice, phone system used, do not allowed those numbers to the prisoners can communicate. Plaintiff only family that he can communicate by phone is Plaintiff sister (Karynes Class), she dosen't understand what, why, with whom or who, she can communicate to address Plaintiff problems, she lived in Florida State. The Plaintiff wrote to Ombudsman's office to try to receive helped in a moment of a really desperation that he though his life was over.

(23) (Exhibit R) to show this Honorable Court that the Plaintiff was asking to Grievance Cordinator and offices in the building G15 for grievances Step 1 and Step 2, (Exhibit B) (Exhibit D) and Plaintiff received help from Prisoners in the building G15 and Law Library.

Cont→P.15

IV FACTS

(24) In this ocation, Plaintiff desperation and strees for everything that is being happening with him, Plaintiff made an I-60 form to (Ms. Lora Holt) to see if she can help the Plaintiff in any form. (Ms. Lora Holt, Nurse Mid Level Practicioner) in (Ellis Unit) Texas Department of Criminal Justice helped the Plaintiff in the way that Plaintiff dosen't have to worry about going to work because Ms. Lora Holt placed him in a medical restriction and unassigned in (August/13/2020) and that same date Plaintiff explained to Ms. Lora Holt what was happening with all the other manners including mental health and what was happening with (Ms. Kimberly Klack). Ms. Lora Holt consult with Mental Health other than Ms. Kimberly Klack and Plaintiff was placed again in Section IV, Consult a Representative of Mental Health Department before taking disciplinary action, Disciplinary Process, for 90 days, in (August/17/2020) when Plaintiff received a notification to see provider from Mental Health (MD. Jose M. Fernandez) (Exhibits V, U, T) to prove this Honorable Court, dates, Sections and providers, when Plaintiff a new Current Restriction Sheet for Patient in (August/21/2020).

(25) At this time Plaintiff present some deficiency from Law Library when prisoners order some documents and the documents went to prisoners with errors or missing contents that unable prisoners for weeks to seeks the necesities in laws and procedures. Plaintiff asked prisoners about this situation and if they made grievances about it and "upon information and believe" from (Mr. Darrell B. Mitchell, TDCJ #02071737) that officers with Higher Ranks threat and retaliated him, when he placed a grievances against (librarian III Angelia G. Pharries) and that's way Plaintiff ever made a grievance against her. (Exhibit W) to prove to this court the document that prisoners ordered with sections missing and at this time with this (Exhibit W), Plaintiff understand that he is dameging the property of Texas Department of Criminal Justice (Ellis Unit), but it is the only method that prisoners had to used to prove it.

Con → P. 16

# III FACTS

(26) At this time Plaintiff state that "upon information and believe" from other causes; H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1088 (11th Cir. 1986), personal safety, unreasonable hazardous living, unecessary and excessive use of force; Helling v. McKinney __ U.S. __ 113 S.Ct. 2475, 2480 (1983); failing to act reasonably in response to danger; Farmer v. Brennan, __ U.S. __ 114 S.Ct. 1970, 1978-84 (1994), defendant knew of the danger or policy and to take other reasonably steps which may prevented the harm; Goka v. Bobbitt 862 F.2d 646, 651 (7th Cir. 1988); Mullen v. Smith, 738 F.2d 317, 318 (8th Cir. 1984), allegation that injured prisoner was ordered to walk and verbally abused when he fell down; Not mentioned that in each cell in (Ellis Unit) (Texas Department of Criminal Justice) is an infestation of roaches, spiders, and some racoons that ports rabies; those raccons went inside of the building G15 looking for food. The statue provide "no otherwise qualified individual... shall, solely by reason of his handicap, be excluded from the participation in, be denied to the benefits of, or be subjected to discrimination under any program. Congress has made it clear that any governamental department or agency receiving federal money is subject to Rehabilitation Act in all the operations. A "qualified individual with a disability" is one who with or without reasonable modification to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, or the participation in programs or activities... Plaintiff state that he has lower back surgeries because an laseration in lower vertebrates (L2-L3, L3-L4, L4-L5, L5-S1) when Plaintiff was in the ARMY Active Duty like a Heavy Wheel Mechanic Infanter (63S MOS) in 1997. In Plaintiff country of Puerto Rico he received those surgeries for his lower back conditions that let Plaintiff paralized from his weist down for 2 (two) years. That situation made Plaintiff to have depression, strees, anxiety, insomnia, etc..., and Plaintiff went to the Social Security Administration in 2011 and applied; The Social Security Administration aproved his disability "physical and mental impairment" Codes 216 and 223d that described from the Commissioner of Social Security exact definitions of it. (Exhibit X) attached to prove Plaintiff's disabilities.

Cont → P. 17

Case 4:20-cv-03440 Document 1 Filed on 10/05/20 in TXSD Page 17 of 66

# I. EXHAUSTION OF LEGAL REMEDIES

(27) Plaintiff (Luis E. Class) used the prisoners grievances procedures available at (Ellis Unit) (Texas Department of Criminal Justice) to try and solve the problems. ON (March/25/2020) Plaintiff (Luis E. Class) presented the facts relating to this Complaint. On (may/7/2020) Plaintiff (Luis E. Class) was sent a response saying that the grievance had insufficient evidence was found to substantiate Plaintiff's claims that Captain Montgomery conducted herself unproffesionally. No fucther action is warranted by this office. On (may/12/2020) he appealed the decision of the grievance.

(28) Plaintiff (Luis E Class) used the prisoners grievances procedures available at (Ellis Unit) (Texas Department of Criminal Justice) to try and solve the problems. ON (April/23/2020) Plaintiff (Luis E. Class) presented the facts relating to this Complaint. On (may/29/2020) Plaintiff (Luis E. Class) was sent a response saying that the grievance had no policy and violations have been noted and no further action is warranted by this office. On (June/2/2020) he appealed the decision of the grievance.

(29) Plaintiff (Luis E. Class) used the prisoners grievances procedures available at (Ellis Unit) (Texas Department of Criminal Justice) to try and solve the problems. ON (may/6/2020) Plaintiff (Luis E. Class) presented the facts relating to this Complaint. On (June/9/2020) Plaintiff (Luis E. Class) was sent a response saying that the medical does not have authorithy over job assignments, if you feel like you are being worked outside of your restrictions, contact security. No further action is warranted at this time. On (June/17/2020) he appealed the decision of the grievance.

(30) Plaintiff (Luis E. Class) used the prisoners grievances procedures available at (Ellis Unit) (Texas Department of Criminal Justice) to try and solve the problems. ON (July/16/2020) Plaintiff (Luis E. Class) presented the facts relating to this Complaint. ON (August/11/2020) Plaintiff (Luis E. Class) was sent a response saying that the minor disciplinary #20200230404 has been reviewed and no procedural errors were noted, there was sufficient evidence to support a finding of guilty. The punishment imposed was with the established guidelines, therefore there is no apparent reason to warrant overturning this case. No further action is warranted by this office. ON this grievance Plaintiff Refused to make an appeal because the Priors retaliation in Step 1 and Step 2 grievances.

Cont → P.18

Case 4:20-cv-03440 Document 1 Filed on 10/05/20 in TXSD Page 18 of 66

## V EXHAUSTION OF LEGAL REMEDIES [F]

(31) Plaintiff (Luis E. Class) used the prisoners grievance procedures available at (Ellis Unit) (Texas Department of Criminal Justice) to try and solve the problem. ON (July/23/2020) Plaintiff (Luis E. Class) presented the facts relating to this complaint. On (August/21/2020) was sent a response saying that reviewing Plaintiff's medical records, he have multiple of restrictions but not have a current restriction that warrants a disciplinary restriction and the grievance is denied and no further action is warranted at this time. No proper signature, and from who, and dated. On this grievance Plaintiff Refused to make an appeal because the retaliation, discrimination, watones, maliciously, against Plaintiff.

(32) Plaintiff (Luis E. Class) used the prisoners grievances procedures available at (Ellis Unit) (Texas Department of Criminal Justice) to try and solve the problem. ON (June/26/2020) Plaintiff (Luis E. Class) presented the facts relating to this Complaint. On (June/29/2020) was sent a response saying that the grievace has been denied because grievable time period has expired. On this grievance and because the discrimination, unproffessionallism, watones, maliciosly retaliation against Plaintiff (Luis E. Class) he Refused to appeal.

## VI LEGAL CLAIMS [G]

(33) Plaintiffs reallege and incorporate by refference Paragraphs 1-26.

(34) The deliberated indifference to medical needs, deliperated indifference to mental health needs, unsafe conditions, discrimination to an patient with physical and mental impairments, physical and mental threat, violated Plaintiff (Luis E. Class) rights and constitued cruel and unusual punishment, a due process violation under the Eight and Fourteenth Amendment to the United States Constitution.

(35) The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief wich Plaintiff seeks.

Cont → P. 19

# VII PRAYER FOR RELIEF [H]

Case 4:20-cv-03440 Document 1 Filed on 10/05/20 in TXSD Page 19 of 66

WHEREFORE, Plaintiff respectfully prays that this court enter judgment granting plaintiff:

(36) A declaration that acts and omissions described herein violated plaintiff's rights under the Constitution and Laws of the United States.

(37) A preliminary and permanent injuction ordering defendants Chori Davis, Kimberly Klock, Kelly L. Strong, Christopher S. Lacox, Lisa M. Nichols, Candy L. Montgomery, Cesar Trevino, Isaac J Clark) get better knowledge of prisoners with disabilities and how to treat them. Better proffessionallism taking the Rules and Laws in the Texas Department of Criminal Justice, responsabilities, no discriminate against any prisoner specially prisoners with physical and mental impairments, no watones, maliciously, unsafe conditions, documentation to prisoners to get helped or grieve, no reckless indifferences, no excessive force, prudent and care, more training to custody staff.

(38) Compensatory damages in the amount of $20,000,000.00 against each defendant, jointly and severally.

(39) Punitive damage in the amount of $1,000,000.00 against each defendant.

(40) A jury trial on all issues triable by jury.

(41) Plaintiff's cost in this Suit.

(42) Any additional relief this court deems just, proper and equitable.

Dated: August/28/2020

Respectfully submitted [I]

Luis E. Class

[signature]

TDCJ# 02303801

TDCJ add: Ellis Unit
G-15-1-18B
1697 FM 980
Huntsville, TX 77343

Cont → P.20

[J]

# VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and believe, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at (Huntsville, Texas) on August/28/2020.

Luis E. Class    Plaintiff

**Texas Department of Criminal Justice**

# STEP 1 OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2020096847

Date Received: 30 MAR 2020

Date Due: 5-9-20

Grievance Code: 815

Investigator ID #: 2U07

Extension Date:

Date Retd to Offender: 07 MAY 2020

**Offender Name:** Luis E. Class **TDCJ #** 02303801

**Unit:** Elis **Housing Assignment:** G15-1-18B

**Unit where incident occurred:** Elis

**You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.**

Who did you talk to (name, title)? Officer Hopkins / SGT. Davis When? march/23/2020

What was their response? They obey what Capt. Montgomery saids

What action was taken? Sent me with disabilities to F-building cell #7

**State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate**

In March/23/2020 at lunch time I was in the Pill Window line waiting with other inmates, when something happened and officer Hopkins tolds us "sit in the floor" facing the wall. I turn myself to face the wall and I told her that I have surgeries in my lowerback she repeately tolds me "sit on the floor"! I squad the most that I can until I get tired and lean on the floor facing up. She came to us asking for our ID's to gave it to the Pill Window nurse, when SGT. Davis came Towards me and I told her the same that I live in G15 and I can't sit in the floor. Imediately Captain Montgomery came towards us and yell to me "Sit your ass up" I response to her that I can't sit in the floor because my lower back surgeries and if they can take me to my building, but she yell's again "Sit your ass up or I will drag you to the F-building I told her "Mam do what ever you have to do but I told you I can't sit on the floor". She tolds SGT. Davis to pick me up and sent me to F-building cell #7 for no reason for about 6 hours, no mattress, dinner without cup and spoon to eat and I was carried to claimb stairs and down stairs when my disability Jurisdiction says that I can't do that and other stuff. This is an act of discrimination of a person with disabilities from an officer with this kind of a rank. I'll ask my Provider to let everybody know about this and I'll need a permit to show officers in the future about my disabilities

30 MAR 2020

If I'm not wrong the correct way to handled this situation, were to sent me to medical and verify with the medical staff about my record and if I was lying or making an scene, send me to the proper punishment arrangement and face it. This action can't happened again against anyone specially inmates with disabilities. I'm Christian I obey every order from all the officers and I don't want any kind of problems in TDCJ ever. My respect to you 30 MAR 2020

**Action Requested to resolve your Complaint.** This officers has to be trained better to manage inmate with disabilities.

**Offender Signature:** ______ **Date:** March/25/2020

**Grievance Response:**

**An investigation into your claim has been conducted. Captain Montgomery states that you were instructed to sit down and face the wall while an ICS was in progress. You laid down on the floor impeding the medical staff. You were taken to f-wing and later released without a case or further incident. Insufficient evidence was found to substantiate your claims that Captain Montgomery conducted herself unprofessionally. No further action is warranted by this office.**

**ASST. WARDEN**
**C. LACOX**

**Signature Authority:** ______ **Date:** 5/7/20

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:** ***Resubmit this form when the corrections are made.**

- ☐ 1. Grievable time period has expired.
- ☐ 2. Submission in excess of 1 every 7 days. *
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments. *
- ☐ 5. No documented attempt at informal resolution. *
- ☐ 6. No requested relief is stated. *
- ☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
- ☐ 8. The issue presented is not grievable.
- ☐ 9. Redundant, Refer to grievance #______
- ☐ 10. Illegible/Incomprehensible. *
- ☐ 11. Inappropriate. *

***UGI Printed Name/Signature:*** ______

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** ______

**OFFICE USE ONLY**

Initial Submission UGI Initials: ______
Grievance #: ______
Screening Criteria Used: ______
Date Recd from Offender: ______
Date Returned to Offender: ______

**2nd Submission** **UGI Initials:** ______
Grievance #: ______
Screening Criteria Used: ______
Date Recd from Offender: ______
Date Returned to Offender: ______

**3rd Submission** **UGI Initials:** ______
Grievance #: ______
Screening Criteria Used: ______
Date Recd from Offender: ______
Date Returned to Offender: ______

15 JUL 2020

Exhibit B

Exhibit B

# Texas Department of Criminal Justice

# STEP 2

## OFFENDER GRIEVANCE FORM

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2020096847 |
| UGI Recd Date: | 15 MAY 2020 |
| HQ Recd Date: | MAY 19 2020 |
| Date Due: | 6-24 |
| Grievance Code: | 815 |
| Investigator ID#: | 12448 |
| Extension Date: | |

Offender Name: Luis E. Class TDCJ # 02303801

Unit: Elis Housing Assignment: G15-1-18B

Unit where incident occurred: Elis

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

15 JUL 2020

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

This Grievances do not be conducted properly by the Grievances cordinator, as you can see Ms. Thompson signature is not in this Grievances, stamped.

This Grievance's was improperly investigated and conclution of the investigation and it's the same signature in the grievances authority.

The grievances response for it's state that I lay down in the floor impeading the medical staff, if in fact this grievance were investigated properly, you would see in my STEP 1 grievance was I were lay down in the floor. The grievance response it speculated insuficient evidence on my behalf, not proving Capt. Montgomery conduct unprofetional, again if you read STEP 1 grievance and if the grievance itself being conducted properly you would know what I was lay in the floor which that is the main focus of this Grievance.

Because of this inapropiated investigation from this office I'm writting this STEP 2 Grievances.

I use this opportunity to let this department know that it's not Grievances forms STEP 1, 2 in the building and I make and I-60 a week ago ordering this documents that an inmate

in this building just facilitate to me.

**Offender Signature:** [signature] **Date:** May/12/2020

**Grievance Response:**

Your Step 2 grievance has been investigated by this office. You were appropriately advised at Step 1 level. Staff conduct will continue to be monitored to ensure professionalism and policy compliance. Based on the information available at this time, no further action is warranted.

**Signature Authority:** [signature] T. PHILLIPS **Date:** 6.24.20

**Returned because:** ***Resubmit this form when corrections are made.***

- ☐ **1. Grievable time period has expired.**
- ☐ **2. Illegible/Incomprehensible.***
- ☐ **3. Originals not submitted. ***
- ☐ **4. Inappropriate/Excessive attachments.***
- ☐ **5. Malicious use of vulgar, indecent, or physically threatening language.**
- ☐ **6. Inappropriate.***

**CGO Staff Signature:** ______________________

**OFFICE USE ONLY**

**Initial Submission** **CGO Initials:** ______
Date UGI Recd: ______
Date CGO Recd: ______
(check one) ___Screened ___Improperly Submitted
Comments: ______
Date Returned to Offender: ______

**2nd Submission** **CGO Initials:** ______
Date UGI Recd: ______
Date CGO Recd: ______
(check one) ___Screened ___Improperly Submitted
Comments: ______
Date Returned to Offender: ______

**3rd Submission** **CGO Initials:** ______
Date UGI Recd: ______
Date CGO Recd: ______
(check one) ___Screened ___Improperly Submitted
Comments: ______
Date Returned to Offender: ______

• 2 copies each both sides keep originals

Exhibit C

**Texas Department of Criminal Justice**

# STEP 1 OFFENDER GRIEVANCE FORM

G15·1·18B

**OFFICE USE ONLY**

Grievance #: 2020114011

Date Received: 01 MAY 2020

Date Due: 06·10·20

Grievance Code: 200

Investigator ID #: 21607

Extension Date:

Date Retd to Offender: 29 MAY 2020

Offender Name: Luis E. Class TDCJ # 02303801

Unit: Elis Housing Assignment: ~~B2-2-5B~~

Unit where incident occurred: Elis

**You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.**

Who did you talk to (name, title)? SGT. Poppet / Capt. Treviño When? April/23/20

What was their response? Sgt. Poppet let the Capt know but Capt. denies medical re

What action was taken? for being moved 4 times in 3 days up and down unsanitize places

**State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate**

In April/21/20 in the mourning nurse came to the building G15 and took the temperature of everybody, before that I was drinking hot coffe and right away she came. Moments later officer Dixon tolds me pack my stuf and one female SGT tolds me I'm going to B2-3-11B, I told her about my disabilities and she answer that for now it is and I have to climb there. Next day in the afternoon I was told to pack my stuf again and go down to 2nd floor B2-2-5B. Well in the afternoon of April/23/20 the office in the floor tolds me again to pack and go down to first floor B2-1-12B. In those cells that I've being relocated were a lot of concrete dust in the walls bunks and floor, I heard from the nurse that I'm positi of the COVID#19, that was the 22nd of April/2020 when the nurses tolds me that and since then no medical attencion or a doctor to explain, just my temperature and oxigen plus polse and these were normal. Like I said all the cells in this building B2 are full of construction dust, hall ways, handrails, floors, etc... After the officer from first shift in April/23/20 tolds me to move to first floor, SGT Poppet tolds me to pack again and go to the second floor B2-2-5B where I was. I show him my documents about my restrictions and He informed Capt Treviño about it, I'm sorry if I spell wrong this SGT last name but he tolds me that the Capt tolds, No medical restriction allows in this building. I don't understand what profetionalisim had the

01 MAY 2020

the officers with ranks like this that dosen't care about the enviro ment that they will place offenders with disabilities and chronic respiratory issues. The building B2 is under construction and all the offenders with the COVID-19 and respiratory problems, plus disabilities were forced to be in this place. This is a totaly action of discrimination against health, Safety and disability from the officers with higher ranks in this unit there lives in danger right now because this neglett action. Mr. J. Lee Larralde, Jerry C. Sheilling and more are witnesses about this. God help us all, The 24th they came and retest

**Action Requested to resolve your Complaint.** Prepare a building for this kind of Imergency or transfer us to a medical facility Better training

01 MAY 2020

**Offender Signature:** [signature] **Date:** April/23/20

**Grievance Response:**

**An investigation into your claim has been conducted. B2 is not currently nor has it been recently under construction according to maintenance staff. Furthermore, records indicate that you have been reassigned to G15. No policy violations have been noted and no further action is warranted by this office.**

**ASST. WARDEN**
**C. LACOX**

**Signature Authority:** [signature] **Date:** 5/28/20

**If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.**

**Returned because:** ***Resubmit this form when the corrections are made.**

- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance #______
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

**UGI Printed Name/Signature:** ______

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** ______

**OFFICE USE ONLY**

Initial Submission UGI Initials:
Grievance #:
Screening Criteria Used:
Date Recd from Offender:
Date Returned to Offender:

**2nd Submission** **UGI Initials:**
Grievance #:
Screening Criteria Used:
Date Recd from Offender:
Date Returned to Offender:

**3rd Submission** **UGI Initials:**
Grievance #:
Screening Criteria Used:
Date Recd from Offender:
Date Returned to Offender:

Exhibit D

24 JUN 2020

# Texas Department of Criminal Justice

# STEP 2 OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**
Grievance #: 2020114011
UGI Recd Date: 04 JUN 2020
HQ Recd Date: JUN 10 2020
Date Due: 6-19
Grievance Code: 200 / 930
Investigator ID#: I1364
Extension Date:

Offender Name: Luis E. Class TDCJ # 02303801
Unit: Elis Housing Assignment: G15-1-18B
Unit where incident occurred: Elis Unit

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

24 JUN 2020

Give reason for appeal (Be Specific). *I am dissatisfied with the response at Step 1 because...*

No mention of my witnesses, witness will confirm that sinks and toilets being change by TDC in B hall. B2 became a guarantee section but nobody bother to clean the cells out before we step in as I stated in the grievance. Step 1 was not thoughrly investigatd. Because of this being in said now I was put in B2 guaranteen section for my safety because I had the COVID #19 and I understand I'm not living their now but at the time I was and this maintanance debry and the filtyness of the cells could actuelly harm my body and my health more that I was. TDC obligations is to provide safety. Safety was neglected at this matter, neglection of someone safety is the outcome of life and death

By this oportunity of this grievances I direct my attention that again we are being not supplies with I-60, Step 1 and STEP 2 forms to inform our situations or causes here in Elis Unit I wrote Step 1 grievance and I-60 (hand made I-60) to the grievances Coordinator and no answer ever since I being here.

I expect your promptly response
I respectfully submitted.

**Offender Signature:** [signature] **Date:** June 12/20

**Grievance Response:**

Your Step 2 grievance has been investigated by this office. There is insufficient evidence to support your allegations that B2 housing has dust and/or debris. The area was checked by maintenance staff and your allegations could not be confirmed. Records reflect you are currently assigned to G15. This should resolve your complaint. Based on the information available at this time, no further action is warranted.

**Signature Authority:** [signature] V. BARROW **Date:** JUN 13 2020

**Returned because:** ***Resubmit this form when corrections are made.**

- ☐ **1. Grievable time period has expired.**
- ☐ **2. Illegible/Incomprehensible.***
- ☐ **3. Originals not submitted.** *
- ☐ **4. Inappropriate/Excessive attachments.***
- ☐ **5. Malicious use of vulgar, indecent, or physically threatening language.**
- ☐ **6. Inappropriate.***

**CGO Staff Signature:** ______

**OFFICE USE ONLY**

**Initial Submission** **CGO Initials:** ______

Date UGI Recd: ______

Date CGO Recd: ______

(check one) ___Screened ___Improperly Submitted

Comments: ______

Date Returned to Offender: ______

**2nd Submission** **CGO Initials:** ______

Date UGI Recd: ______

Date CGO Recd: ______

(check one) ___Screened ___Improperly Submitted

Comments: ______

Date Returned to Offender: ______

**3rd Submission** **CGO Initials:** ______

Date UGI Recd: ______

Date CGO Recd: ______

(check one) ___Screened ___Improperly Submitted

Comments: ______

Date Returned to Offender: ______

Exhibit E

G

# Texas Department of Criminal Justice

# STEP 1 OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2020117525

Date Received: 0 8 MAY 2020

Date Due: 6-22-20

Grievance Code: 639

Investigator ID #: 2493

Extension Date:

Date Retd to Offender: 0 9 JUN 2020

Offender Name: Luis Class TDCJ # 02303801

Unit: Elis Housing Assignment: G15-1-18B

Unit where incident occurred: Elis

**You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.**

Who did you talk to (name, title)? Ms. Holt / Furniture Factory Sup When? May/5/20

What was their response? Change my job description

What action was taken? None I still placed to work when I'm disable.

**State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate**

After my medical isolation because the COVID #19 I received an I 60 where I was explaining to the medical staff about my disabilities and the issue that Elis Unit wants me to work when I can't because my medical conditions. I was told to inform the supervisor about it and I did, but I receive an job change insted of restriction. I was 2 years paralized from my weist down and after my sargeries I start to fell my legs again and walk, since I got to TDCJ I've being carrying more than 20 pounds, up and down stairs, bending to change to diet line, plus now work when I've being diseble from Army and Social Security Adm to not work ever. This personel in TDCJ Elis Unit didn't care about a person with disabilities forcing to do stuff ilegal or medically proved stuff that can a person with disabilities can't do. I placed Request to let this persons know about everything but not response yet about my disability. This is an act of Discrimination of Disable person when is forced to compel against his physical abilities and it is not the first time. I need your promptly response on this or I've being forced to go to next steps whith my family noticed about it. 0 8 MAY 2020

**I-127 Front** (Revised 11-2010) **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM** (OVER)

**Appendix F**

**Action Requested to resolve your Complaint.** leave me with a better medical Unit or not Job at all / Help people with disabilities instead forced them

**Offender Signature:** [signature] **Date:** may/6/20

**Grievance Response:**

Review of your medical record shows you were seen on 04/13/20 at which time your restrictions were reviewed and updated to meet your current medical condition. You were scheduled for an appointment on 05/20/20 but you were not escorted by security. You are being rescheduled. Medical does not have authority over job assignments. If you feel like you are being worked outside of your restrictions, contact security. No further action is warranted at this time.

**Signature Authority:** B. Davis, PM **Date:** 6-8-20

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because: *Resubmit this form when the corrections are made.

- ☐ 1. Grievable time period has expired
- ☐ 2. Submission in excess of 1 every 7 days. *
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments. *
- ☐ 5. No documented attempt at informal resolution. *
- ☐ 6. No requested relief is stated. *
- ☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
- ☐ 8. The issue presented is not grievable.
- ☐ 9. Redundant, Refer to grievance #________
- ☐ 10. Illegible/Incomprehensible. *
- ☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** ________

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** ________

**OFFICE USE ONLY**

Initial Submission UGI Initials: ____

Grievance #: ____

Screening Criteria Used: ____

Date Recd from Offender: ____

Date Returned to Offender: ____

**2nd Submission** UGI Initials: ____

Grievance #: ____

Screening Criteria Used: ____

Date Recd from Offender: ____

Date Returned to Offender: ____

**3rd Submission** UGI Initials: ____

Grievance #: ____

Screening Criteria Used: ____

Date Recd from Offender: ____

Date Returned to Offender: ____

Exhibit F

15 JUL 2020

**Texas Department of Criminal Justice**

# STEP 2

## OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

**Grievance #:** 2020117525
**UGI Recd Date:** 18 JUN 2020
**HQ Recd Date:** JUN 22 2020
**Date Due:** 8-2
**Grievance Code:** 639
**Investigator ID#:** 10352
**Extension Date:**

**Offender Name:** Luis Class **TDCJ #** 02303801
**Unit:** Elis **Housing Assignment:** G15-1-18B
**Unit where incident occurred:** Elis

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

15 JUL 2020

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

In this Step 2 grievances I will need the help of the Regional office of TDCJ, because the answer of Step1 grievances dosent fill the necesities of what I need as a Prisioner with Disabilities I communicated via I-60 to this TDCJ in Elis Unit about my disabilities and no proper respond, even to the Worker Supervisor, I let know about everything but their response were just Job changes. I did it for three times and to the nurses Supervisors too. I still place to work likes a Janitor for more than 8 hours a day and if I did not compel, they change my custody status to a medium or maximum and cut my privilage to seek Parole, phone, Commissary etc...

Respectfully submitted.

**I-128 Front** (Revised 11-2010) **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM** (OVER)

**Appendix G**

**Offender Signature:** [signature] **Date:** Jun/17/2020

**Grievance Response:**

A review of the Step 1 medical grievance has been completed regarding your report you are being worked against your medical restrictions.

According to the documentation, the appellate review of the medical grievance supports the response provided at the Step 1 level. You have been evaluated on several occasions and provided the proper medical restrictions. It is the responsibility of the unit provider to prescribe treatment based on his observations and clinical findings which has been completed with you. If you feel you are being worked against your medical restrictions, you will need to submit an I-60 to classification.

Review of the documentation indicates you did not attempt informal resolution of your medical concerns with supervisory staff. The unit facility has a complaint process in place. Should you feel your medical concerns require further evaluation you may submit a Sick Call Request to the medical department.

STEP II MEDICAL GRIEVANCE PROGRAM
OFFICE OF PROFESSIONAL STANDARDS
TDCJ HEALTH SERVICES DIVISION

**Signature Authority:** **Date:** 6·25·20

**Returned because:** ***Resubmit this form when corrections are made.***

- ☐ **1. Grievable time period has expired.**
- ☐ **2. Illegible/Incomprehensible.***
- ☐ **3. Originals not submitted. ***
- ☐ **4. Inappropriate/Excessive attachments.***
- ☐ **5. Malicious use of vulgar, indecent, or physically threatening language.**
- ☐ **6. Inappropriate.***

**CGO Staff Signature:** ______________________

**OFFICE USE ONLY**

**Initial Submission** **CGO Initials:** ______
Date UGI Recd: ______
Date CGO Recd: ______
(check one) ___Screened ___Improperly Submitted
Comments: ______
Date Returned to Offender: ______

**2nd Submission** **CGO Initials:** ______
Date UGI Recd: ______
Date CGO Recd: ______
(check one) ___Screened ___Improperly Submitted
Comments: ______
Date Returned to Offender: ______

**3rd Submission** **CGO Initials:** ______
Date UGI Recd: ______
Date CGO Recd: ______
(check one) ___Screened ___Improperly Submitted
Comments: ______
Date Returned to Offender: ______

Exhibit G

HOUSE/JOB CHANGE

NAME: CLASS, LUIS E NO: 02303801

Date → DATE: 05/06/2020 11:20:53 RACE: W

THE ABOVE NAMED AND NUMBERED INMATE IS TO BE ASSIGNED AS FOLLOWS:

OLD HOUSE:
NEW HOUSE: G-15-1-18B

Job Change → OLD JOB: FURNITURE FACTORY (TEMP)
NEW JOB: QUALITY ASSURANCE TECH F/F 1ST

COMPLETED BY: Class

APPROVED BY: TRJ | BL

JOB CHANGE

NAME: CLASS, LUIS E NO: 02303801

Date → DATE: 04/13/2020 07:24:08 RACE: W

THE ABOVE NAMED AND NUMBERED INMATE IS TO BE ASSIGNED AS FOLLOWS:

HOUSE: G-15-1-18B

Job Change → OLD JOB: UNASGN MEDICAL
NEW JOB: FURNITURE FACTORY (TEMP)

COMPLETED BY:

APPROVED BY: TRJ / HSC

Exhibit H

Subject: This request is to inform Nurses Supervisors, that is what I Understand to express, that I can't work in any place because my disability even I've being without working since 2011 in the world when my Social Security. Disability came throw because my medical conditions, I hope your help, concerning this situation, because I recuived a Layin for Furniture Factory work. Please advise and thanks By the way I was in medical isolation for 14 days and my blood pressure was in total descontrol, I felt it and one day my pulse was 125 but always is over 108 every day please check me thanks!

From: Luis Class No: 02303801 Date: May/4/20

Living Quaters: G15-1-18B Work Ass: Furniture Factory

MAY 5 2020 AM 7:17

Provider Sick Call Scheduled
N. Price, RN
5-19-20

I-60

Handmade one because they are NOT available in the Ellis Unit

Exhibit I

**Current Patie**

**Patient: CLASS, LUIS E MRN: 2303801 DOB: 11/27/1971 Sex: MALE Race: WHITE**

| Order Provider | Section | Element | Restriction | Start Date | # Days | Exp. Date | Cont | Data | Units |
|---|---|---|---|---|---|---|---|---|---|
| HOLT, LORA | II | Bunk Assignment | Lower Only | 04/13/2020 | | | Yes | | |
| HALLMARK, LOREN E | II | Extended Medical Hours | Psych Non-KOP | 02/11/2020 | | | Yes | | |
| HOLT, LORA | II | Row Assignment | Ground Floor Only | 04/13/2020 | | | Yes | | |
| HOLT, LORA | III | | 17. No Climbing | 04/13/2020 | | | Yes | | |
| HOLT, LORA | III | | 13. Limited Sitting | 04/13/2020 | | | Yes | | |
| HOLT, LORA | III | | 17. No Walk Wet/Uneven Surfaces | 04/13/2020 | | | Yes | | |
| HOLT, LORA | III | | 19a. Medical - No Work in Direct Sunlight | 04/13/2020 | | | Yes | | |
| HALLMARK, LOREN E | III | | 19b. Psych - No Work in Direct Sunlight | 02/11/2020 | | | Yes | | |
| HOLT, LORA | III | | 20a. Medical - No Temperature Extremes | 04/13/2020 | | | Yes | | |
| HALLMARK, LOREN E | III | | 20b. Psych - No Temperature Extremes | 02/11/2020 | | | Yes | | |
| HOLT, LORA | III | | 21a. Medical - No Humidity Extremes | 04/13/2020 | | | Yes | | |
| HALLMARK, LOREN E | III | | 21b. Psych - No Humidity Extremes | 02/11/2020 | | | Yes | | |
| HOLT, LORA | III | | 22. No Exposure to Environmental Pollutants | 04/13/2020 | | | Yes | | |
| HOLT, LORA | III | | 23. No Work With Chemicals or Irritants | 04/13/2020 | | | Yes | | |
| HOLT, LORA | III | | 7. Limited Standing | 04/13/2020 | | | Yes | | |
| HOLT, LORA | III | | 6. No Lifting > | 04/13/2020 | | | Yes | 20 | Lbs |
| HALLMARK, LOREN E | IV | Disciplinary Process | Consult Representative of Mental Health Department before taking disciplinary action | 02/11/2020 | | | Yes | | |
| HALLMARK, LOREN E | V | | Mental Heath Representative Required | 02/11/2020 | | | Yes | | |
| HALLMARK, LOREN E | | | No Restrictions | 02/11/2020 | | | | | |
| HALL, DINAH P | | | Reviewed: No Changes Needed | 02/21/2020 | | | | | |

PULHES Management

| | DESIG | CODE | MODIFIER |
|---|---|---|---|
| P | 3 | E | |
| U | 1 | A | |
| L | 3 | C | |
| H | 1 | A | |
| E | 1 | A | |
| S | 2 | B | T |

*PLEASE NOTE: ISM-18 in the mainframe will be updated from these orders hourly from 6AM to 5PM.*

User Name: HOLT, LORA

[1]

**Run Date: 4/13/2020 10:10:46 AM**

Dates →

Exhibit I

Exhibit J

# Current Patient Restrictions

**Patient: CLASS,LUIS E MRN: 2303801 DOB: 11/27/1971 Sex: MALE Race:WHITE**

| Order Provider | Section | Element | Restriction | Start Date | # Days | Exp. Date | Cont | Data | Units |
|---|---|---|---|---|---|---|---|---|---|
| HOLT, LORA | II | Bunk Assignment | Lower Only | 04/13/2020 | | | Yes | | |
| HALLMARK, LOREN E | II | Extended Medical Hours | Psych Non-KOP | 02/11/2020 | | | Yes | | |
| HOLT, LORA | III | | 12. No Climbing | 04/13/2020 | | | Yes | | |
| HOLT, LORA | III | | 13. Limited Sitting | 04/13/2020 | | | Yes | | |
| HOLT, LORA | III | | 17. No Walk Wet/Uneven Surfaces | 04/13/2020 | | | Yes | | |
| HOLT, LORA | III | | 19a. Medical - No Work in Direct Sunlight | 04/13/2020 | | | Yes | | |
| HALLMARK, LOREN E | III | | 19b. Psych - No Work in Direct Sunlight | 02/11/2020 | | | Yes | | |
| HOLT, LORA | III | | 20a. Medical - No Temperature Extremes | 04/13/2020 | | | Yes | | |
| HALLMARK, LOREN E | III | | 20b. Psych - No Temperature Extremes | 02/11/2020 | | | Yes | | |
| HOLT, LORA | III | | 21a. Medical - No Humidity Extremes | 04/13/2020 | | | Yes | | |
| HALLMARK, LOREN E | III | | 21b. Psych - No Humidity Extremes | 02/11/2020 | | | Yes | | |
| HOLT, LORA | III | | 22. No Exposure to Environmental Pollutants | 04/13/2020 | | | Yes | | |
| HOLT, LORA | III | | 23. No Work With Chemicals or Irritants | 04/13/2020 | | | Yes | | |
| HOLT, LORA | III | | 7. Limited Standing | 04/13/2020 | | | Yes | | |
| HOLT, LORA | III | | 9. No Lifting > | 04/13/2020 | | | Yes | 20 | Lbs |
| HALLMARK, LOREN E | | | No Restrictions | 02/11/2020 | | | | | |
| HALL, DINAH P | | | Reviewed: No Changes Needed | 02/21/2020 | | | | | |

**PULHES Management**

| | DESIG | CODE | MODIFIER |
|---|---|---|---|
| P | 3 | E | - |
| U | 1 | A | - |
| L | 3 | C | - |
| H | 1 | A | - |
| E | 1 | A | - |
| S | 2 | B | T |

Exhibit J

*PLEASE NOTE: HSM-18 in the mainframe will be updated from these orders hourly from 6AM to 5PM.*

**User Name: GARCIA, JENNA** **[1]** Dates **Run Date: 7/29/2020 3:06:37 PM**

# Exhibit K

STATEMENT FROM Offender John CASTANEDA #1289896

Louise Class is my Cellmate - That OATMEAL belonged to Me Im taking Full RESPONSIBILITY FOR IT.

Thank You

John Castaneda #1289896
G15-H8T

Evidence of plaintiff is not guilty

Exhibit L

**Texas Department of Criminal Justice**

# STEP 1 OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2020152162

Date Received: 20 JUL 2020

Date Due: ~~8-29-20~~ 8/19/20

Grievance Code: ~~815~~ 400

Investigator ID #: ~~2407~~ 2493

Extension Date:

Date Retd to Offender: 11 AUG 2020

Offender Name: Luis Class TDCJ # 02303801

Unit: Elis Housing Assignment: G15-1-1BB

Unit where incident occurred: Elis

**You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.**

Who did you talk to (name, title)? SGT-Clark When? July/10/20

What was their response? Restriction for more then 20 Days Commissary

What action was taken? No commissary, no recreation

**State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate**

In this Grievances I stayed that in July/10/20 SGT. Clark and a female officer came to my cell with a repremenda case about an Oatmeal that was found in the cell in a Chake down. I told that SGT. Clark that I want 24 hours to see a meeting with lewteanent in charge and I sing a document for it. Even with me I have a declaration about what those officers found in my cell, it's was my Cell inmate responsability and not mine. That day this SGT. when to the front desk and told the Leutenant in charge that I don't want to go to the meeting. That not truth because I sign for 24 hours meeting. This is another act of a Discrimination because I asked for more time because at night my medication hits me to go to sleep and this SGT Clark didn't took the proper responsability about telling the right thing and now I'm restricted for more than 20 days for something that I didn't do. I want this solved as soon as posible or I moved foward to [redacted] talked with a higher rank officer or Warden. 20 JUL 2020

I-127 Front (Revised 11-2010) **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM** (OVER)

**Appendix F**

2 0 JUL 2020

Action Requested to resolve your Complaint. I want the proper action on this and I want to talk to Warden Strong

Offender Signature: [signature] Date: July/16/20

Grievance Response:

**Minor Disciplinary Case #20200230404 has been reviewed and no procedural errors were noted. It appears that there was sufficient evidence to support a finding of guilt. The punishment imposed was within the established guidelines; therefore, there is no apparent reason to warrant overturning this case. No further action is warranted by this office.**

**ASST. WARDEN**
**C. LACOX**

Signature Authority: [signature] Date: 8/10/20

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because: *Resubmit this form when the corrections are made.

- ☐ 1. Grievable time period has expired.
- ☐ 2. Submission in excess of 1 every 7 days. *
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments. *
- ☐ 5. No documented attempt at informal resolution. *
- ☐ 6. No requested relief is stated. *
- ☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
- ☐ 8. The issue presented is not grievable.
- ☐ 9. Redundant, Refer to grievance #__________
- ☐ 10. Illegible/Incomprehensible. *
- ☐ 11. Inappropriate. *

UGI Printed Name/Signature: ____________________

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority: ____________________

**OFFICE USE ONLY**

Initial Submission UGI Initials: ______
Grievance #: ______
Screening Criteria Used: ______
Date Recd from Offender: ______
Date Returned to Offender: ______

2nd Submission UGI Initials: ______
Grievance #: ______
Screening Criteria Used: ______
Date Recd from Offender: ______
Date Returned to Offender: ______

3rd Submission UGI Initials: ______
Grievance #: ______
Screening Criteria Used: ______
Date Recd from Offender: ______
Date Returned to Offender: ______

Exhibit 107

**SUBJECT:** *State briefly the problem on which you desire assistance.*

Miss Kimberly Klock in July/10/20, I being discriminated about something that officers found in my cell that was a contraband and it wasn't mine, my cellinmate took full responsability of it and wrote a letter for the meeting with the Leutenant. SGT Clark came to my cell and I sign a document that allow's me 24 hours to go to a meeting but that day that SGT Clark told the Leuterant that I don't want to go to the meeting when is a totally lie. Now I'm restricted for more than 20 days without Commissary, and recreation becouse that SGT. Clark didn't not told the truth. I told him that my medication makes me sleepe and that's why I ask for more Time now I'm strees, depress, axious because this discriminate officer Please help me!

Name: No: Unit:

Living Quarters: Work Assignment:

**DISPOSITION:** (Inmate will not write in this space)

Luis Closs 02303801 Elis.
G15-1-18B Janitor

I-60 (Rev. 11-90)

Exhibit N

S

**Texas Department of Criminal Justice**

# STEP 1 OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2020154517

Date Received: 24 JUL 2020

Date Due: 9-7-20

Grievance Code: 604

Investigator ID #: 2493

Extension Date:

Date Retd to Offender: 21 AUG 2020

Offender Name: Luis Class TDCJ # 02303801

Unit: Ellis Housing Assignment: G15-1-18B

Unit where incident occurred: Ellis

**You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.**

Who did you talk to (name, title)? Kimberly Klock / mental health manage When? July/16/20

What was their response? It's nothing she can do

What action was taken? None and left me really anxious, depress, stress.

**State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate**

I stat in this grievance that in July/16/20 I went to infirmary to talk with Ms. Klock about a disciplinary action that was wrongly taking against me and I was really stress, depress, anxious, etc. about it and her response were that it is nothing that she can do about it, that I have to make a grievance over the situation against me.

In the Ellis Unit Inmate Handbook Chapter VII Disciplinary procedures and Rules Section C numer (4) Special Procedures for Psychiatric Patients mention, When a psychiatric offende is charged with a disciplinary infraction, psychiatric clearance shall be obtained before proceeding with the disciplinary and none of that were conducted before my disciplinary action now I have 25 days No Commissary, no Recreation for something I didn't do. This is another act of discrimination against disable person in prision, violating his rights and laws.

Respectfully submitted 24 JUL 2020

Luis Class

I-127 Front (Revised 11-2010) **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM** (OVER)

See back

**Appendix F**

**Action Requested to resolve your Complaint.** make the rights, law, and Procedures for inmates and do not discriminate against disable inmat

**Offender Signature:** [signature] **Date:** July/23/20

**Grievance Response:**

Review of your medical record shows you have multiple restrictions but you do not have a current restriction that warrants a disciplinary restriction. This grievance is denied and no further action is warranted at this time.

**Signature Authority:** ______________________ **Date:** __________

**If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.**

Returned because: ***Resubmit this form when the corrections are made.**

- ☐ 1. Grievable time period has expired.
- ☐ 2. Submission in excess of 1 every 7 days. *
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments. *
- ☐ 5. No documented attempt at informal resolution. *
- ☐ 6. No requested relief is stated. *
- ☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
- ☐ 8. The issue presented is not grievable.
- ☐ 9. Redundant, Refer to grievance #______________
- ☐ 10. Illegible/Incomprehensible. *
- ☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** ______________________

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** ______________________

**OFFICE USE ONLY**

Initial Submission UGI Initials: ________

Grievance #: ________

Screening Criteria Used: ________

Date Recd from Offender: ________

Date Returned to Offender: ________

**2nd Submission** **UGI Initials:** ________

Grievance #: ________

Screening Criteria Used: ________

Date Recd from Offender: ________

Date Returned to Offender: ________

**3rd Submission** **UGI Initials:** ________

Grievance #: ________

Screening Criteria Used: ________

Date Recd from Offender: ________

Date Returned to Offender: ________

Warden Strong July 16/20

Today Ms. Strong I respectfully submitted this I-60, because I tried to talked with Captains today and the only person that response was Leutenant Seth J. Thompson, he told me to ask for your help on this situation. I'm inocent from a disciplinary situation that happend in a Shakedown on July 10/20 that my cell inmate took the responsability of everything and SGT. Clark came on that day with a document if I want to wave or 24 hours togo to a meeting. I sign for 24 hours and my cell inmate too but this SGT. Clark came again with a female officer to ask us togo to front desk and we told him that we sign for 24 hours meeting. He told in front desk that we deny togo to meeting and now I have 30 days restriction in Commissary and rec.. my cellinmate Mr J. Castaneda wrote in a paper that he is totally responsable for what happend in that shake down and I have that piece of paper with me to go to my meeting. I asked for 24 hours meeting because I tooked to many medications that at night make me sleepy and I don't want to be in a situation like that, (blurry, numbness, sleepy, tired) to present my statement. I prefered to wait to see the meeting and after that, take my medications. I'v being waiting for it, but today I asked the officer in the floor G 15 about restricted inmates and my name was in that list with 30 days no Commissary and no recreation when I'm inocent. I make a Grievance about this situation because this SGT. Clark donot take really serious this situations. Now my only entertainment is ardi and I need my commissary because my anxiety attacks and depressions I passed with snacks here. The grievances take like 30 days to answer and I have restriction until August 15/2020 for some thing that I didn't do it. I please asked you for your help, I'm really strees anxious about this.

Respectfully Submitted [signature] 02303801

Cont → back

I went today to talked with Ms. Klick Mental Health to see if she can helped me because I'm mental health restriction, before a disciplinary action taking and she response that is nothing she can do @ I don't understand why my restriction about disciplinary action taken, before consult mental health staff, that's why I went there to try to see if I can receive help for something that is not under my control and I didn't do it, I'm really stress about this, depress, anxious, etc...

Please help!

copie handmade it for my file.

Luis Class 02303801

I'm sorry about my speelling

I'm U.S. Army Vet 63S and Social Security disable person. I don't want any kind of a problem, I just want to go home when my Bench Warrant comes with my appeal.

Exhibit P

**SUBJECT:** *State briefly the problem on which you desire assistance.*

My concerns is about my foot that I need a special shoe to walk because my surgery. Right now when I walk hurts and I can't be standing for minutes. Right now I'm using TDCJ (Jackie shan or Kon Fu) Shoes and they dosen't have insuls Please help me

Thanks!

Name: Luis Class No: 02303801 Unit: Elis

Living Quarters: G15-1-18B Work Assignment: Janitor F/F

**DISPOSITION:** (Inmate will not write in this space)

JUN 18 2020 AM5:49

Your sick call request (SCR) has been screened by Medical and has been determined not to be emergent or urgent. Due to pandemic COVID-19, to limit unit movement and enhance your safety, all non-emergent/non urgent requests will be deferred. All medication renewals will continue to be reviewed. In the meantime, you may resubmit a SCR if your symptoms worsen.

6/18/2020

☆I-60 (Rev. 11-90)

answer from medical Staff

Copie of Ombudsman

Exhibit Q

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

**Inter-Office Communication**

**Administrative Review and Risk Management**

**Offender Grievance**

TO: Class, Luis E.

TDCJ #: 2303801

UNIT: E

G15.1 18B

**FROM:** Central Grievance Office

**SUBJECT:** Correspondence

Your documents received in this office have been reviewed and a response is indicated below. Contact the warden, major, chief of classification or a security officer for issues you deem as an emergency; however, are not considered an emergency, through the Offender Grievance Procedure. **If you need additional information or assistance, you may contact the Unit Grievance Investigator at your unit.**

- ☐ **Your correspondence was received at the Central Grievance Office and has been forwarded to Unit Administration for further review.**
- ☒ Your correspondence was forwarded to this office by the Ombudsman's Office. That office does not respond to offender complaints or requests.
- ☐ Please utilize the Offender Grievance Procedure to address your concerns.
- ☐ A copy of the Instructions on How to Write and Submit Grievances is enclosed for your information.
- ☐ Your Step 1 grievance(s) was properly screened.
- ☐ Direct this issue to the Classification and Records Office.
- ☐ Direct this issue to the Parole Board.
- ☐ It is not permissible to mail your grievances directly to the Central Grievance Office. Submitting your grievances incorrectly may result in your grievable time to expire.
- ☐ This issue is currently being addressed by unit officials. Grievance # __________ is under review at Step ______.
- ☐ These issues have been reviewed at both steps of the grievance procedure. No other administrative remedies are available to you regarding the issue. Further action by this office is not warranted.
- ☐ Records indicate that Grievance # __________ was returned to you on __________.
- ☐ Attachments returned.

Exhibit B

**SUBJECT:** *State briefly the problem on which you desire assistance.*

I need Grievances Step 1 and Step 2 Please!

I ask grievances Cordinator no response yet!

RECEIVED
JUL 22 2020
ELLIS I

Name: Luis Class No: 02303801 Unit: Ellis

Living Quarters: G15-1-18B Work Assignment: Janitor

**DISPOSITION:** (Inmate will not write in this space)

**SUBJECT:** *State briefly the problem on which you desire assistance.*

I need more Ellis Unit Law Library - Indirect Access Slips. Please and Thanks!

If You Can I need Step 1 and Step 2 Grievances forms, I'll be asking to officers in the building and with I-60 Handmade to Grievances Officers or Cordinator, without response. Please and Thank you for help us!

Name: Luis Class No: 02303801 Unit: Ellis

Living Quarters: G15-1-18B Work Assignment: Janitor F/F

**DISPOSITION:** (Inmate will not write in this space)

RECEIVED
JUL 08 2020
ELLIS I

☆I-60 (Rev. 11-90)

Exhibit S

# Texas Department of Criminal Justice

# STEP 1 OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 

Date Received: 

Date Due: 

Grievance Code: 

Investigator ID #: 

Extension Date: 

Date Retd to Offender: 

**Offender Name:** Luis Class **TDCJ #** 02303801

**Unit:** Elis **Housing Assignment:** G15-1-18B

**Unit where incident occurred:** Elis Unit

**You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.**

Who did you talk to (name, title)? office Okubulle and Lt. Vagas When? Jan/24/20

What was their response? Unknown

What action was taken? Unknown

**State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate**

In this Grievances I state that early in the mourning I heard the gate of my cell shot open, I get up and looked outside from my cell and I saw all the inmates getting out for breakfast, I rush to get my ID, mask and came to get out and the Picket officer shot my gate off. I yeld at the Officer Okubulle, he came and told me that everybody already left. The office went back to the picket and I heard office Okubulle asking to the picket office Kouyen to let me out, when she response "No and I don't give a Fuck". 30 minutes later my gate open and the office in the picket at that moment was officer Chethomas Cher Thomas (sorry if I spell wrong but she didn't let me to get her name, she yelds at me "get the Fuck out of my face when I asked for her name". Office Kouyen didn't let me go to eat, when I was sopoused to. This officers don't call for Chaw and for closing the doors of the cell. This is being happening almost every day in this shift with this officers. Office Okuballe, told me, after my cell gate open, to go to the front desk, I was asking for a rank officer. I went to Chaw first an ate ~~an~~ ~~[illegible]~~ incomplete breakfast because of that. I hope this change because I'm a person with disabilities that can't run or rush to get up from the bunk and I took medication for pain and strees ~~[illegible]~~ depression and all this harm me more with my medical conditions.

29 JUN 2020

**I-127 Front** (Revised 11-2010) **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM** (OVER)

Check IN THE BACK

Check dorso

**Appendix F**

29 JUN 2020

**Action Requested to resolve your Complaint.** I don't know really, because the answer from my other grievances were inconclusives

**Offender Signature:** [signature] **Date:** Jun 26/20

**Grievance Response:**

**Signature Authority:** ______ **Date:** ______

**If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.**

**Returned because:** ***Resubmit this form when the corrections are made.**

- [x] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution. *
- [ ] 6. No requested relief is stated. *
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. Redundant, Refer to grievance # ~~[illegible]~~
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

**UGI Printed Name/Signature:** K. Brumble [signature]

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** ______

**OFFICE USE ONLY**

Initial Submission UGI Initials: KMB
Grievance #: 2020141927
Screening Criteria Used: 899 #01
Date Recd from Offender: 29 JUN 2020
Date Returned to Offender: 29 JUN 2020

**2nd Submission** **UGI Initials:** ______
Grievance #: ______
Screening Criteria Used: ______
Date Recd from Offender: ______
Date Returned to Offender: ______

**3rd Submission** **UGI Initials:** ______
Grievance #: ______
Screening Criteria Used: ______
Date Recd from Offender: ______
Date Returned to Offender: ______

Exhibit I

# Current Patient Restrictions

**Patient: CLASS,LUIS E MRN: 2303801 DOB: 11/27/1971 Sex: MALE Race:WHITE**

| Order Provider | Section | Element | Restriction | Start Date | # Days | Exp. Date | Cont | Data | Units |
|---|---|---|---|---|---|---|---|---|---|
| HOLT, LORA | II | Bunk Assignment | Lower Only | 04/13/2020 | | | Yes | | |
| HALLMARK, LOREN E | II | Extended Medical Hours | Psych Non-KOP | 02/11/2020 | | | Yes | | |
| HOLT, LORA | III | | 1. Medically Unassigned | 08/13/2020 | 180 | 02/09/2021 | | | |
| HOLT, LORA | III | | 12. No Climbing | 04/13/2020 | | | Yes | | |
| HOLT, LORA | III | | 13. Limited Sitting | 04/13/2020 | | | Yes | | |
| HOLT, LORA | III | | 17. No Walk Wet/Uneven Surfaces | 04/13/2020 | | | Yes | | |
| HOLT, LORA | III | | 19a. Medical - No Work in Direct Sunlight | 04/13/2020 | | | Yes | | |
| HALLMARK, LOREN E | III | | 19b. Psych - No Work in Direct Sunlight | 02/11/2020 | | | Yes | | |
| HOLT, LORA | III | | 20a. Medical - No Temperature Extremes | 04/13/2020 | | | Yes | | |
| HALLMARK, LOREN E | III | | 20b. Psych - No Temperature Extremes | 02/11/2020 | | | Yes | | |
| HOLT, LORA | III | | 21a. Medical - No Humidity Extremes | 04/13/2020 | | | Yes | | |
| HALLMARK, LOREN E | III | | 21b. Psych - No Humidity Extremes | 02/11/2020 | | | Yes | | |
| HOLT, LORA | III | | 22. No Exposure to Environmental Pollutants | 04/13/2020 | | | Yes | | |
| HOLT, LORA | III | | 23. No Work With Chemicals or Irritants | 04/13/2020 | | | Yes | | |
| HOLT, LORA | III | | 7. Limited Standing | 04/13/2020 | | | Yes | | |
| HOLT, LORA | III | | 9. No Lifting > | 04/13/2020 | | | Yes | 20 | Lbs |
| FERNANDEZ, JOSE M | IV | Disciplinary Process | Consult Representative of Mental Health Department before taking disciplinary action | 08/17/2020 | 90 | 11/15/2020 | | | |
| HALLMARK, LOREN E | | | No Restrictions | 02/11/2020 | | | | | |
| HALL, DINAH P | | | Reviewed: No Changes Needed | 02/21/2020 | | | | | |

**PULHES Management**

| | DESIG | CODE | MODIFIER |
|---|---|---|---|
| P | 3 | E | - |
| U | 1 | A | - |
| L | 3 | C | - |
| H | 1 | A | - |
| E | 1 | A | - |
| S | 2 | B | T |

***PLEASE NOTE: HSM-18 in the mainframe will be updated from these orders hourly from 6AM to 5PM.***

Exhibit U

HOUSE/JOB CHANGE

NAME: CLASS, LUIS E NO: 02303801

DATE: 08/13/2020 11:19:18 RACE: W

THE ABOVE NAMED AND NUMBERED INMATE IS TO BE ASSIGNED AS FOLLOWS:

OLD HOUSE:
NEW HOUSE: G-15-1-18B

OLD JOB: JANITOR F/F 1ST
NEW JOB: UNASGN MEDICAL

COMPLETED BY: ____________________

APPROVED BY: LF/KC

Exhibit U

Jobchange on Aug/13/2020
Ms. Lora, Holt Nurse

Exhibit V

**SUBJECT:** *State briefly the problem on which you desire assistance.*

I need help with my lower back pain and nerves my legs start feeling numbness and electri-city running thru, same feeling when I went paralized from my waist down in 2011, I'm in strong pain (10) And I placed an another I-60 for replace my Cane, bottom part broke please help Thanks

Name: Luis Cless No: 02303801 Unit: Ellis

Living Quarters: G15-1-18B Work Assignment: Janitor

**DISPOSITION:** (Inmate will not write in this space)

RECEIVED AUG 1 2 2020 CS

Provider Sick Call Scheduled

N. Price, RN

8-12-20

☆I-60 (Rev. 11-90)

Exhibit W

Section II missing

TEXAS CRIMINAL AND TRAFFIC LAW

Telephone Number for Locating Towed Vehicle Required.
Designation of Restricted Parking Spaces on Otherwise Unrestricted Parking Facility.
Individual Parking Restrictions in Restricted Area.
Regulation of Parking on Certain Public Roadway
Removal of Unauthorized Vehicle from Leased Right-of-Way.
Removal of Unauthorized Vehicle from Area Between Parking Facility and Public Roadway.
Removal Under Governmental Entity's Authority of Unauthorized Vehicle Parked in Right-of-Way.
Authority for Removal of Vehicle from Public Roadway.
Regulation of Towing Companies and Parking [illegible]rs
Parking Facility Owner Prohibited from Receiving Financial Gain from Towing Company or Booting Company.
Towing Company and Booting Company Prohibited from Financial Involvement with Parking Facility Owner.
Limitation on Liability of Parking Facility Owner for Removal or Storage of Unauthorized Vehicle.
Civil Liability of Towing Company, Booting Company, or Parking Facility Owner for Violation of Chapter.
Criminal Penalty.
Violation of Chapter; Injunction.
Minor Sign or Lettering Height Variations.
Rights of Owners and Operators of Stored or [illegible]les
Payment of Cost of Removal, Storage, and Booting of Vehicle.
Right of Owner or Operator of Vehicle to Hearing.
Jurisdiction.
Notice to Vehicle Owner or Operator.
Contents of Notice.
Request for Hearing.
Filing Fee Authorized.
Hearing.
Appeal.
Enforcement of Award.
Enforcement
Administrative Penalty.
Cease and Desist Order; Injunction; Civil Penalty.
Sanctions.
Criminal Penalty; Licensing.
Criminal Penalty; Towing.
Used Automotive Parts Recyclers
General Provisions
Short Title.
Definitions.
Applicability of Chapter to Metal Recyclers.
Applicability of Chapter to Salvage Vehicle Dealers.
Applicability of Chapter to Insurance Companies.
Advisory Board
Used Automotive Parts Recycling Advisory Board.
Terms; Vacancies.

Sec. 2309.053. Presiding Officer.
Sec. 2309.054. Powers and Duties of Advisory Board.
Sec. 2309.055. Compensation; Reimbursement of Expenses.
Sec. 2309.056. Meetings.
Subchapter C Powers and Duties of Commission and Department
Sec. 2309.101. General Powers and Duties.
Sec. 2309.102. Rules.
Sec. 2309.103. Rules Regarding Licensing and Standards of Conduct.
Sec. 2309.104. Fees.
Sec. 2309.105. Rules Restricting Advertising or Competitive Bidding.
Sec. 2309.106. Periodic Inspections.
Sec. 2309.107. Personnel.
Subchapter D License Requirements
Sec. 2309.151. Used Automotive Parts Recycler License Required.
Sec. 2309.152. General License Application Requirements.
Sec. 2309.153. *License Requirements.*
Sec. 2309.154. Used Automotive Parts Employee License Required. [Repealed]
Sec. 2309.155. Nontransferability of License.
Sec. 2309.156. License Renewal.
Subchapter E Local Regulation
Sec. 2309.201. Applicability of Certain Municipal Ordinances, Licenses, and Permits.
Subchapter F Enforcement
Sec. 2309.251. Administrative Penalty.
Sec. 2309.252. Cease and Desist Order; Injunction; Civil Penalty.
Sec. 2309.253. Sanctions.
Sec. 2309.254. Criminal Penalty; Licensing.
Subchapter G Conducting Business
Sec. 2309.301. Duties on Acquisition of Salvage Motor Vehicle.
Sec. 2309.302. Records of Purchases.
Sec. 2309.303. Registration of New Business Location.
Subchapter H Additional Duties of Used Automotive Parts Recycler in Connection with Motor Vehicle Component Parts
Sec. 2309.351. Definitions.
Sec. 2309.352. Removal of License Plates.
Sec. 2309.353. Dismantlement or Disposition of Motor Vehicle.
Sec. 2309.354. Record of Purchase; Inventory of Parts.
Sec. 2309.355. Retention of Component Parts.
Sec. 2309.356. Maintenance of Records.
Sec. 2309.357. Surrender of Certain Documents or License Plates.
Sec. 2309.358. Inspection of Records.
Subchapter I Motor Vehicle Salvage Yards in Certain Counties
Sec. 2309.401. Applicability of Subchapter.
Sec. 2309.402. Limits on Operation of Heavy Machinery.

PARKS AND WILDLIFE

Title 5 Wildlife and Plant Conservation
Subtitle I Protected Freshwater Areas
Chapter 90 Access to Protected Freshwater Areas
Sec. 90.001. Definitions.
Sec. 90.002. Operation of Motor Vehicle in Protected Freshwater Area Prohibited.
Sec. 90.003. Exemptions.
Sec. 90.004. Local River Access Plan.
Sec. 90.0085. Camping and Building Fires Prohibited in Certain Areas.
Sec. 90.010. Enforcement.
Sec. 90.011. Penalty.

O.B. ELLIS UNIT LAW LIBRARY

TABLE OF CONTENTS

Title 7 Local and Special Laws
*Chapter 284* Dimmit, Edwards, Frio, Kennedy, Llano, Maverick, Real, Uvalde, and Zavala Counties
Sec. 284.001. Discharge of Firearm Prohibited.
Chapter 287 Polk County [Repealed]
Subchapter A Applicability of Uniform Wildlife Regulatory Act [Repealed.]
Sec. 287.001. Conservation Act: Applicability [Repealed].
Chapter 287. Potter County
Sec. 287.001. Discharge of Firearm Prohibited.

PROPERTY CODE

Title 4 Actions and Remedies
Chapter 24A Access to Residence or Former Residence to Retrieve Personal Property
Sec. 24A.001. Definitions.
Sec. 24A.002. Writ Authorizing Entry and Property Retrieval; Peace Officer to Accompany.
Sec. 24A.0021. Temporary Ex Parte Writ Authorizing Entry and Property Retrieval.
Sec. 24A.003. Authorized Entry Procedures; Duties of Peace Officer.
Sec. 24A.004. Immunity From Liability.
Sec. 24A.005. Offense.
Sec. 24A.006. Hearing; Review.

TAX CODE

*Title 2 State Taxation*
Subtitle B Enforcement and Collection
Chapter 111 Collection Procedures
Subchapter A Collection Duties and Powers
Sec. 111.021. Notice to Holders of and Levy upon Assets Belonging to Delinquent.
Subtitle [illegible] Sales, Excise, and Use Taxes
Chapter 159 Controlled Substances Tax [Repealed]
Subchapter A General Provisions [Repealed]
Sec. 159.001. Definitions. [Repealed]
Sec. 159.002. Measurements. [Repealed]
Sec. 159.003. Tax Payment Certificates. [Repealed]
Sec. 159.004. [illegible] or Immunity. [Repealed]
Sec. 159.005. Confidential Information. [Repealed]
Subchapter B Imposition, Rate, and Payment of Tax [Repealed]
Sec. 159.101. Tax Imposed; Rate of Tax. [Repealed]
Sec. 159.102. Tax Payment Certificate Required. [Repealed]
Sec. 159.103. Exemption. [Repealed]
Subchapter C Criminal Provisions [Repealed]
Sec. 159.201. Possession of Item If Tax Unpaid. [Repealed]
Sec. 159.202. Counterfeit Tax Payment Certificates. [Repealed]
Sec. 159.203. Previously Used Certificates. [Repealed]
Sec. 159.204. Property Subject to Seizure [Repealed].
Sec. 159.205. Right to Collect Subordinate to Other Laws. [Repealed]
Sec. 159.206. *Settlement or Compromise of Tax.* [Repealed]
Subchapter D Disposition of Proceeds [Repealed]
Sec. 159.301. Disposition of Proceeds. [Repealed]

UTILITIES CODE

Title 2 Public Utility Regulatory Act
Subtitle C Telecommunications Utilities
Chapter 55 Regulation of Telecommunications Services [Expires September 1, 2025]
Subchapter E Caller Identification Service [Expires September 1, 2025]
Sec. 55.101. Definitions. [Expires September 1, 2025]
Sec. 55.102. Applicability. [Expires September 1, 2025]
Sec. 55.103. *Provision of Service.* [Expires September 1, 2025]
Sec. 55.104. Use of Information. [Expires September 1, 2025]
Sec. 55.105. Per-Call Blocking. [Expires September 1, 2025]
Sec. 55.106. Per-Line Blocking. [Expires September 1, 2025]
Sec. 55.1065. Use of Blocking by Telephone Solicitor [Repealed].
Sec. 55.107. Limitation on Commission Authority. [Expires September 1, 2025]
Sec. 55.108. Caller ID Consumer Education Panel [Expired].
Sec. 55.109. Implementation of Panel Recommendations. [Expires September 1, 2025]
Sec. 55.110. Report of Blocking Failure. [Expires September 1, 2025]
Title 4 Delivery of Utility Services
Subtitle B Provisions Regulating Delivery of Services
Chapter 186 Provisions to Ensure the Reliability and Integrity of Utility Service
Subchapter B Manipulation of Service for Certain Law Enforcement Purposes
Sec. 186.021. Emergency Involving Hostage or Armed Suspect.
Subchapter C Fraudulent Obtaining of Service
Sec. 186.031. Definitions.
Sec. 186.032. Fraudulently Obtaining Telecommunications Services.
Sec. 186.033. Disposition of Certain Equipment.
Subchapter D Availability of Emergency Telephone Service
Sec. 186.041. Definitions.
Sec. 186.042. Obstruction of Emergency Telephone Call; Penalty.
Sec. 186.043. Falsification of Emergency Telephone Call; Penalty.
Sec. 186.044. Notice of Certain Offenses Required.
Sec. 186.045. Failure to Provide Notice; Penalty.

WATER CODE

Title 2 Water Administration
Subtitle D Water Quality Control
Chapter 26 Water Quality Control
Subchapter I Underground and Aboveground Storage Tanks
Sec. 26.3574. Fee on Delivery of Certain Petroleum Products.
Title 4 General Law Districts
Chapter 49 Provisions Applicable to All Districts
Subchapter H Powers and Duties
Sec. 49.217. Operation of Certain Motor Vehicles on or Near Public Facilities.

TEXAS RULES OF EVIDENCE

Article I. General Provisions
Rule 101. Title, Scope, and Applicability of the Rules; Definitions.
Rule 102. Purpose.
Rule 103. Rulings on Evidence.
Rule 104. Preliminary Questions.
Rule 105. Evidence That Is Not Admissible Against Other Parties or for Other Purposes.
Rule 106. Remainder of or Related Writings or Recorded Statements.
Rule 107. Rule of Optional Completeness.
Article II. Judicial Notice
Rule 201. Judicial Notice of Adjudicative Facts.
Rule 202. Judicial Notice of Other States' Law.
Rule 203. Determining Foreign Law.
Rule 204. Judicial Notice of Texas Municipal and County Ordinances, Texas Register Contents, and Published Agency Rules

Sections # missing

resumptions
opted at this time.]

elevancy and its Limits
Test for Relevant Evidence.
General Admissibility of Relevant Evidence.
Excluding Relevant Evidence for Prejudice, Confusion, or Other Reasons.
Character Evidence; Crimes or Other Acts
Methods of Proving Character.
Habit; Routine Practice.
Subsequent Remedial Measures; Notification of Defect.
Compromise Offers and Negotiations.
Offers to Pay Medical and Similar Expenses.
Pleas, Plea Discussions, and Related Statements.
Liability Insurance.
Evidence of Previous Sexual Conduct in Criminal Cases.

ivileges
Privileges in General.
Required Reports Privileged By Statute.
Lawyer-Client Privilege.
Spousal Privileges.
Privilege For Communications to a Clergy Member.
Political Vote Privilege.
Trade Secrets Privilege.
Informer's Identity Privilege.
Physician-Patient Privilege.
Mental Health Information Privilege in Civil Cases.
Waiver by Voluntary Disclosure.
Privileged Matter Disclosed Under Compulsion or Without Opportunity to Claim Privilege
Comment On or Inference From a Privilege Claim; Instruction.

Witnesses
Competency to Testify in General; "Dead Man's Rule".
Need for Personal Knowledge.
Oath or Affirmation to Testify Truthfully.
Interpreter.
Judge's Competency as a Witness.
Juror's Competency as a Witness.
Who May Impeach a Witness.
A Witness's Character for Truthfulness or Untruthfulness.

Rule 609. Impeachment by Evidence of a Criminal Conviction.
Rule 610. Religious Beliefs or Opinions.
Rule 611. Mode and Order of Examining Witnesses and Presenting Evidence.
Rule 612. Writing Used to Refresh a Witness's Memory.
Rule 613. Witness's Prior Statement and Bias or Interest.
Rule 614. Excluding Witnesses.
Rule 615. Producing a Witness's Statement in Criminal Cases.

Article VII. Opinions and Expert Testimony
Rule 701. Opinion Testimony by Lay Witnesses.
Rule 702. Testimony by Expert Witnesses.
Rule 703. Bases of an Expert's Opinion Testimony.
Rule 704. Opinion on an Ultimate Issue.
Rule 705. Disclosing the Underlying Facts or Data and Examining an Expert About Them.
Rule 706. Audit in Civil Cases.

Article VIII. Hearsay
Rule 801. Definitions That Apply to This Article; Exclusions from Hearsay.
Rule 802. The Rule Against Hearsay.
Rule 803. Exceptions to the Rule Against Hearsay—Regardless of Whether the Declarant Is Available as a Witness.
Rule 804. Exceptions to the Rule Against Hearsay—When the Declarant Is Unavailable as a Witness.
Rule 805. Hearsay Within Hearsay.
Rule 806. Attacking and Supporting the Declarant's Credibility.

Article IX. Authentication and Identification
Rule 901. Authenticating or Identifying Evidence.
Rule 902. Evidence That Is Self-Authenticating.
Rule 903. Subscribing Witness's Testimony.

Article X. Contents of Writings, Recordings, and Photographs
Rule 1001. Definitions That Apply to This Article.
Rule 1002. Requirement of the Original.
Rule 1003. Admissibility of Duplicates.
Rule 1004. Admissibility of Other Evidence of Content.
Rule 1005. Copies of Public Records to Prove Content.
Rule 1006. Summaries to Prove Content.
Rule 1007. Testimony or Statement of a Party to Prove Content.
Rule 1008. Functions of the Court and Jury.
Rule 1009. Translating a Foreign Language Document.

# PENAL CODE

# TITLE 1 INTRODUCTORY PROVISIONS

## CHAPTER 1 GENERAL PROVISIONS

### Sec. 1.01. Short Title.

This code shall be known and may be cited as the Penal Code.

### Sec. 1.02. Objectives of Code.

The general purposes of this code are to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably and inexcusably causes or threatens harm to those individual or public interests for which state protection is appropriate. To this end, the provisions of this code are intended, and shall be construed, to achieve the following objectives:

(1) to insure the public safety through:

(A) the deterrent influence of the penalties hereinafter provided;

(B) the rehabilitation of those convicted of violations of this code; and

(C) such punishment as may be necessary to prevent likely recurrence of criminal behavior;

(2) by definition and grading of offenses to give fair warning of what is prohibited and of the consequences of violation;

(3) to prescribe penalties that are proportionate to the seriousness of offenses and that permit recognition of differences in rehabilitation possibilities among individual offenders;

(4) to safeguard conduct that is without guilt from condemnation as criminal;

(5) to guide and limit the exercise of official discretion in law enforcement to prevent arbitrary or oppressive treatment of persons suspected, accused, or convicted of offenses; and

(6) to define the scope of state interest in law enforcement against specific offenses and to systematize the exercise of state criminal jurisdiction.

TDCJ Law

### Sec. 1.03. Effect of Code.

(a) Conduct does not constitute an offense unless it is defined as an offense by statute, municipal ordinance, order of a county commissioners court, or rule authorized by and lawfully adopted under a statute.

(b) The provisions of Titles 1, 2, and 3 apply to offenses defined by other laws, unless the statute defining the offense provides otherwise; however, the punishment affixed to an offense defined outside this code shall be applicable unless the punishment is classified in accordance with this code.

(c) This code does not bar, suspend, or otherwise affect a right or liability to damages, penalty, forfeiture, or other remedy authorized by law to be recovered or enforced in a civil suit for conduct this code defines as an offense, and the civil injury is not merged in the offense.

### Sec. 1.04. Territorial Jurisdiction.

(a) This state has jurisdiction over an offense that a person commits by his own conduct or the conduct of another for which he is criminally responsible if:

(1) either the conduct or a result that is an element of the offense occurs inside this state;

(2) the conduct outside this state constitutes an attempt to commit an offense inside this state;

(3) the conduct outside this state constitutes a conspiracy to commit an offense inside this state, and an act in furtherance of the conspiracy occurs inside this state; or

(4) the conduct inside this state constitutes an attempt, solicitation, or conspiracy to commit, or establishes criminal responsibility for the commission of, an offense in another jurisdiction that is also an offense under the laws of this state.

(b) If the offense is criminal homicide, a "result" is either the physical impact causing death or the death itself. If the body of a criminal homicide victim is found in this state, it is presumed that the death occurred in this state. If death alone is the basis for jurisdiction, it is a defense to the exercise of jurisdiction by this state that the conduct that constitutes the offense is not made criminal in the jurisdiction where the conduct occurred.

(c) An offense based on an omission to perform a duty imposed on an actor by a statute of this state

Exhibit X

**SOCIAL SECURITY ADMINISTRATION**
**Office of Disability Adjudication and Review**

**DECISION**

| IN THE CASE OF | CLAIM FOR |
|---|---|
| Luis E. Class (Claimant) | Period of Disability and Disability Insurance Benefits |
| (Wage Earner) | 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 (Social Security Number) |

**JURISDICTION AND PROCEDURAL HISTORY**

This case is before the undersigned on a request for hearing dated December 18, 2012 (20 CFR 404.929 *et seq.*).

The evidence of record supports a fully favorable decision; therefore no hearing has been held (20 CFR 404.948(a)). Mr. Milton D. Rivera-Adames, an attorney, represents the claimant.

The claimant is alleging disability since June 30, 2011.

**ISSUES**

The issue is whether the claimant is disabled under sections 216(i) and 223(d) of the Social Security Act. Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

There is an additional issue whether the insured status requirements of sections 216(i) and 223 of the Social Security Act are met. The claimant's earnings record shows that the claimant has acquired sufficient quarters of coverage to remain insured through December 31, 2016. Thus, the claimant must establish disability on or before that date in order to be entitled to a period of disability and disability insurance benefits.

After careful review of the entire record, the undersigned finds that the claimant has been disabled from June 30, 2011, through the date of this decision. The undersigned also finds that the insured status requirements of the Social Security Act were met as of the date disability is established.

**APPLICABLE LAW**

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is

See Next Page

Scanned with CamScanner

Exhibit X

disabled (20 CFR 404.1520(a)). The steps are followed in order. If it is determined that the claimant is or is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

At step one, the undersigned must determine whether the claimant is engaging in substantial gainful activity (20 CFR 404.1520(b)). Substantial gainful activity (SGA) is defined as work activity that is both substantial and gainful. If an individual engages in SGA, he is not disabled regardless of how severe his physical or mental impairments are and regardless of his age, education, or work experience. If the individual is not engaging in SGA, the analysis proceeds to the second step.

At step two, the undersigned must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe" (20 CFR 404.1520(c)). An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. If the claimant does not have a severe medically determinable impairment or combination of impairments, he is not disabled. If the claimant has a severe impairment or combination of impairments, the analysis proceeds to the third step.

At step three, the undersigned must determine whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526). If the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of a listing and meets the duration requirement (20 CFR 404.1509), the claimant is disabled. If it does not, the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the undersigned must first determine the claimant's residual functional capacity (20 CFR 404.1520(e)). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. In making this finding, the undersigned must consider all of the claimant's impairments, including impairments that are not severe (20 CFR 404.1520(e) and 404.1545; SSR 96-8p).

Next, the undersigned must determine at step four whether the claimant has the residual functional capacity to perform the requirements of his past relevant work (20 CFR 404.1520(f)). The term past relevant work means work performed (either as the claimant actually performed it or as it is generally performed in the national economy) within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the claimant to learn to do the job and have been SGA (20 CFR 404.1560(b) and 404.1565). If the claimant has the residual functional capacity to do his past relevant work, the claimant is not disabled. If the claimant is unable to do any past relevant work or does not have any past relevant work, the analysis proceeds to the fifth and last step.

At the last step of the sequential evaluation process (20 CFR 404.1520(g)), the undersigned must determine whether the claimant is able to do any other work considering his residual functional capacity, age, education, and work experience. If the claimant is able to do other work, he is not

See Next Page

Scanned with CamScanner

Exhibit X

disabled. If the claimant is not able to do other work and meets the duration requirement, he is disabled. Although the claimant generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Social Security Administration. In order to support a finding that an individual is not disabled at this step, the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the residual functional capacity, age, education, and work experience (20 CFR 404.1512(g) and 404.1560(c)).

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

After careful consideration of the entire record, the undersigned makes the following findings:

**1. The claimant's date last insured is December 31, 2016.**

**2. The claimant has not engaged in substantial gainful activity since June 30, 2011, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq.*).**

**3. The claimant has the following severe impairments: high blood pressure, lumbar degenerative disease, and bronchial asthma (20 CFR 404.1520(c)).**

**4. The undersigned Administrative Law Judge finds that the severity of the claimant's impairments medically equals the criteria of section 1.04 A of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526), since June 30, 2011.**

The severity of the claimant's impairments medically equal listing 1.04 A, based on written interrogatory submitted by impartial medical expert Dr. Jose E. Rolon-Rivera, specialized in internal medicine. This listings refers to musculoskeletal disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina or the spinal cord. The A criteria of this listings refers to nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, as if there is involvement of the lower back, requires positive straight-leg raising test (sitting and supine). In this particular case, in his written interrogatory (Ex. 13F) Dr. Rolon-Rivera reports the following:

1) The claimant has musculoskeletal condition. He has chronic low back pain. There is evidence of herniated nucleus pulposus L4-L5 and bilateral neural stenosis. He has L5 irritability and S1 radiculopathy. There is evidence of L4-5 lateral stenosis and L5-S1 disc bulge and annular tear and central canal stenosis.

2) The claimant has respiratory condition. He has bronchial asthma.

3) The claimant has cardiovascular condition. He has high blood pressure

See Next Page

Scanned with CamScanner

Exhibit X

Based on the above evidence, Dr. Rolon-Rivera opined that the claimant's impairment equals listing 1.04 A since June 30, 2011. He based his opinion on exhibits 1F, 2F, 3F at 2, 6, 11, 14, 18, 19, 20, 23, 24, 25, 27, 29, 33, 40, 41, 61, 63, and 68, and 10F at 2, 3, 4, 5, 6, and 12. I concur.

In making this finding, the undersigned considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96-2p, 96-6p and 06-3p.

The record evidence shows the claimant is 41 years old veteran. He has a high school education plus three years of college. His primary language is Spanish. He is able to communicate in English. The record evidence shows the claimant stands 6'1" in height and weighs 252 pounds. His work experience includes the following. Data entry, Heavy Wheel Vehicle Mechanic, Ramp Agent at Airport and he last worked as Salesperson for truck parts center. The record shows a good earnings record until 2011, when he could no longer continue working.

The claimant alleges disability since June 30, 2011, at age 39, due to back condition, hypertension, and asthma. He reports severe pain with difficulty sleeping, requiring the use of medications. He also reports difficulty bathing, dressing, walking, and concentrating due to pain. He reports uses a cane due to severe paining, and difficulty managing stress, and isolates (Ex. 4E).

Medical evidence from the State Insurance Fund (SIF) shows on May 27, 2009, the claimant had a work accident on May 27, 2009. The claimant has filed four cases through the SIF and there is documented history of high blood pressure and bronchial asthma. The low back pain is associated to work accident while lifting oil containers (Ex. 3F).

On November 22, 2010, the claimant had an abnormal Nerve Conduction Study of Motor Nerves, including right leg abnormalities in muscles innervated by L5 root by mostly S1 root, L5 root irritability and right S1 radiculopathy. An MRI study revealed degenerative osteoarthritic changes of the lumbosacral spine, posterior disc herniation L2-L3, posterior disc bulge at L3-L4, posterior disc herniation L4-L5 with bilateral neural foramina stenosis and posterior central disc herniation L5-S1 (Ex. 1F).

On April 9, 2012, consultative neurologist Dr. Hector R. Stella-Arrillaga documented findings of blood pressure reading at 150/80. On that date, the claimant weighed 249 pounds. The claimant had tenderness to palpation to right hamstring and to palpation of lumbosacral area. Forward bend was 30 degrees, lateral movements 10 degrees. The claimant was unable to squat, kneel or walk on heels and toes due to pain. Gait was slow and antalgic, using a cane on right hand. There was evidence of decreased pinprick sensation on right leg L4-L5, S1 dermatome. The deep tendon reflexes were positive bilaterally in the lower extremities.

See Next Page

Scanned with CamScanner

Exhibit X

Dr. Stella-Arrillaga diagnosed the claimant with lumbosacral sprain, herniated nucleus pulposus L2-L3, L3-L4, L4-L5 and L5-S1 and right hamstring sprain. He opined that the claimant does need a cane for walking, and prognosis is very poor (Ex. 4F).

Progress notes from SIF shows in December 2011, MRI findings include the following findings:

Misalignment at L2 on L3 and L3 on L4; grade 1 retrolisthesis;

Generalized osteophyte formation and disc dislocation and narrowing of the intervertebral discs spaces;

Hypertrophy of the apophyseal joints; L2-L3 and L3-L4 central canal stenosis secondary to posterior disc bulges;

L4-L5 central and lateral canal stenosis secondary to posterior disc bulge;

Hypertrophy of the apophyseal joints;

L5-S1 diffuse posterior disc bulge; central annular tear with central canal stenosis.

On January 31, 2013, the SIF physician diagnosed the claimant with recurrent extruded lumbar disc (Ex. 12F).

After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms and that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are generally credible.

Because the record does not contain any State agency medical opinions, SSR 96-6p does not apply.

Great weight is given the opinion of impartial medical expert Dr. Jose E. Rolon-Rivera, as the substantial and credible evidence supports him. He had the opportunity to review the entire file including additional evidence submitted at the hearing level. He has knowledge of the Social Security Administration's disability review requirement, and his opinion is consistent with the opinions and observations expressed by other medical sources.

5. The claimant has been under a disability as defined in the Social Security Act since June 30, 2011, the alleged onset date of disability (20 CFR 404.1520(d)). Disability has lasted 12 consecutive months or more.

## DECISION

Based on the application for a period of disability and disability insurance benefits protectively filed on August 9, 2011, the claimant has been disabled under sections 216(i) and 223(d) of the Social Security Act since June 30, 2011

See Next Page

Scanned with CamScanner

Exhibit X

It is recommended that a determination be made concerning the appointment of a representative payee who can manage payments in the claimant's interest.

The workers' compensation offset provisions at 20 CFR 404.408 may be applicable.

/s/ Gregui J. Mercado
Gregui J. Mercado
Administrative Law Judge

March 20, 2013
Date

390

Scanned with CamScanner

Exhibit X

EXHIBIT NO. 1D
PAGE: 1 OF 5

August 10, 2011, 10:46
PAGE 1

SN 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 SG-SSA-16

: UNIT: JDAEXC :

LUIS E CLASS CORREA
URB CIUDAD JARDIN
389 CALLE GUAYACAN
CONOVANAS PR 00729

APPLICATION SUMMARY FOR DISABILITY INSURANCE BENEFITS

On August 10, 2011, we talked with you and completed your application for SOCIAL SECURITY BENEFITS. We stored this information electronically in our records. We are enclosing a summary of your statements.

I APPLY FOR A PERIOD OF DISABILITY AND/OR ALL INSURANCE BENEFITS FOR WHICH I AM ELIGIBLE UNDER TITLE II AND PART A OF TITLE XVIII OF THE SOCIAL SECURITY ACT, AS PRESENTLY AMENDED.

MY NAME IS LUIS E CLASS CORREA.

I HAVE USED THE FOLLOWING NAME(S):
LUIS EDGARDO CLASS CORREA

MY SOCIAL SECURITY NUMBER IS 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.

MY DATE OF BIRTH IS November 27, 1971.

I AM A CITIZEN OF THE UNITED STATES.

I BECAME UNABLE TO WORK BECAUSE OF MY DISABLING CONDITION ON June 30, 2011.

I AM STILL DISABLED.

NO PREVIOUS APPLICATION HAS BEEN FILED WITH THE SOCIAL SECURITY ADMINISTRATION BY OR FOR ME.

I DO NOT WANT TO FILE FOR SSI.

MY U.S. MILITARY SERVICE DATES ARE AS FOLLOWS:

521

| START DATE | END DATE |
| --- | --- |
| May 7, 1997 | November 6, 1997 |

I HAVE FILED OR INTEND TO FILE FOR WORKERS' COMPENSATION, PUBLIC DISABILITY OR BLACK LUNG BENEFITS BUT I AM NOT RECEIVING BENEFITS.

Scanned with CamScanner

Exhibit X

EXHIBIT NO. 1D
PAGE 2 OF 5
August 10, 2011, 10:46
PAGE 2

MN 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 SG-SSA-16

I AM NOT ENTITLED TO NOR DO I EXPECT TO BECOME ENTITLED TO A PENSION OR ANNUITY BASED IN WHOLE OR IN PART ON WORK AFTER 1956 NOT COVERED BY SOCIAL SECURITY.

THE SOCIAL SECURITY ADMINISTRATION AND THE STATE AGENCY REVIEWING MY CLAIM DO HAVE MY PERMISSION TO CONTACT MY EMPLOYER(S).

I AM MARRIED TO ROSA FERNANDEZ. WE WERE MARRIED ON March 1, 2011 IN RQ BY A CLERGYMAN OR PUBLIC OFFICIAL. MY SPOUSE'S AGE OR BIRTHDATE IS October 24, 1978 AND SOCIAL SECURITY NUMBER IS ________*.

I HAD NO PREVIOUS MARRIAGES THAT LASTED 10 YEARS OR MORE OR ENDED IN DEATH.

I HAVE THE FOLLOWING CHILD OR CHILDREN UNDER AGE 18; AGE 18-19 ATTENDING ELEMENTARY OR SECONDARY SCHOOL FULL TIME; OR AGE 18 OR OVER AND DISABLED BEFORE AGE 22 WHO MAY BE ELIGIBLE FOR SOCIAL SECURITY BENEFITS ON THIS RECORD. THIS INCLUDES CHILDREN WHO MAY OR MAY NOT BE LIVING WITH ME.
DESTINY A CEDENO FERNANDEZ
DELILA CEDENO FERNANDEZ

I UNDERSTAND THAT I MUST PROVIDE MEDICAL EVIDENCE ABOUT MY DISABILITY, OR ASSIST THE SOCIAL SECURITY ADMINISTRATION IN OBTAINING THE EVIDENCE.

I UNDERSTAND THAT I MAY BE REQUESTED BY THE STATE DISABILITY DETERMINATION SERVICES TO HAVE A CONSULTATIVE EXAMINATION AT THE EXPENSE OF THE SOCIAL SECURITY ADMINISTRATION AND THAT IF I DO NOT GO, MY CLAIM MAY BE DENIED.

I AUTHORIZE ANY PHYSICIAN, HOSPITAL, AGENCY, OR OTHER ORGANIZATION TO DISCLOSE ANY MEDICAL RECORD OR INFORMATION ABOUT MY DISABILITY TO THE SOCIAL SECURITY ADMINISTRATION OR TO THE STATE DISABILITY DETERMINATION SERVICES THAT MAY REVIEW MY CLAIM OR CONTINUING DISABILITY.

I AUTHORIZE THE SOCIAL SECURITY ADMINISTRATION TO RELEASE ANY INFORMATION ABOUT ME TO A PHYSICIAN OR MEDICAL FACILITY PREPARATORY TO AN EXAMINATION OR TEST. RESULTS OF SUCH EXAMINATION OR TEST MAY BE RELEASED TO MY PHYSICIAN OR OTHER TREATING SOURCE.

I AUTHORIZE THAT INFORMATION ABOUT MY DISABILITY MAY BE FURNISHED TO ANY CONTRACTOR FOR CLERICAL SERVICES BY THE STATE DISABILITY DETERMINATION SERVICES.

I AGREE TO NOTIFY THE SOCIAL SECURITY ADMINISTRATION OF ALL EVENTS AS EXPLAINED TO ME.

REMARKS:
I AGREE WITH MY EARNINGS RECORD AS POSTED. I DID NOT WORK IN YEARS 1989 AND 1990 AND FROM YEAR 2000 THROUGH 2002. MY LAST WORK WAS IN 06/2011 WHEN I BECAME DISABLED.

I KNOW THAT ANYONE WHO MAKES OR CAUSES TO BE MADE A FALSE STATEMENT OR REPRESENTATION OF MATERIAL FACT IN AN APPLICATION OR FOR USE IN DETERMINING A RIGHT TO PAYMENT UNDER THE SOCIAL SECURITY ACT COMMITS A CRIME PUNISHABLE UNDER FEDERAL LAW BY FINE, IMPRISONMENT OR BOTH. I AFFIRM THAT ALL INFORMATION I HAVE GIVEN IN CONNECTION WITH THIS CLAIM IS TRUE.

522

MY TELEPHONE NUMBER IS ( 787) 585-3223.

Scanned with CamScanner

EXHIBIT NO. 10
PAGE 4 OF 5

Exhibit X

August 10, 2016 15:10
PAGE 4

MN 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 SG-SSA-16

SOCIAL SECURITY ADMINISTRATION
IMPORTANT INFORMATION

RECEIPT FOR YOUR CLAIM FOR SOCIAL SECURITY DISABILITY INSURANCE BENEFITS

LUIS E CLASS CORREA
URB CIUDAD JARDIN
309 CALLE GUAYACAN
CANOVANAS PR 00729

YOUR APPLICATION FOR SOCIAL SECURITY BENEFITS HAS BEEN RECEIVED AND WILL BE PROCESSED AS QUICKLY AS POSSIBLE.

YOU SHOULD HEAR FROM US WITHIN __ DAYS AFTER YOU HAVE GIVEN US ALL THE INFORMATION WE REQUESTED. SOME CLAIMS MAY TAKE LONGER IF ADDITIONAL INFORMATION IS NEEDED.

IN THE MEANTIME, IF YOU CHANGE YOUR ADDRESS, OR IF THERE IS SOME OTHER CHANGE THAT MAY AFFECT YOUR CLAIM, YOU - OR SOMEONE FOR YOU - SHOULD REPORT THE CHANGE.

We are providing the attached application for your records.

We stored your application information electronically so there is no reason for us to retain a paper copy of your application.

IMPORTANT REMINDER

Penalty of Perjury

You declared under penalty of perjury that you examined all the information on this form and it is true and correct to the best of your knowledge. You were told that you could be liable under law for providing false information.

THE TELEPHONE NUMBERS TO CALL IF YOU HAVE A QUESTION OR SOMETHING TO REPORT ARE:

BEFORE YOU RECEIVE A NOTICE ABOUT YOUR CLAIM:

AFTER YOU RECEIVE A NOTICE ABOUT YOUR CLAIM:

SOCIAL SECURITY INFORMATION IS ALSO AVAILABLE TO INTERNET USERS AT WWW.SOCIALSECURITY.GOV.

What You Need To Do

- o Review the summary to make sure we recorded your statements correctly.
- o If you agree with all your statements, you may keep the information for

524

Scanned with CamScanner

Exhibit X

EXHIBIT NO. 10
PAGE: 5 OF 5

August 10, 2011, 10:46
PAGE 5

NH 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 SG-SSA-16

your records.

- If you disagree with any of your statements, please contact us within 10 days after receiving this notice to let us know.

ALWAYS GIVE US YOUR CLAIM NUMBER WHEN WRITING OR TELEPHONING ABOUT YOUR CLAIM. IF YOU HAVE ANY QUESTIONS ABOUT YOUR CLAIM, WE WILL BE GLAD TO HELP YOU.

WE ARE RETURNING ANY DOCUMENT(S) YOU MAY HAVE SUBMITTED WITH YOUR APPLICATION.

HELPFUL HEALTH CARE WEBSITES

Health Information

The U.S. Department of Health and Human Services provides information on many health topics at www.healthfinder.gov on the Internet. You may wish to visit that site to review that information, which may be helpful to you.

Prescription Drug Assistance Programs

You may be able to get help paying for prescription drugs. To find out what programs are offered by drug companies, state and local governments, and local organizations, please visit www.healthfinder.gov/rxdrug on the Internet.

Are You Uninsured For Healthcare? Do You Have A Pre-Existing Condition?

You may be eligible for the Pre-Existing Condition Insurance Plan-a program for people who have a pre-existing condition and have been without health coverage for at least six months. For more information, you can call toll free: 1-866-717-5826 (TTY 1-866-561-1604), or you can go to "Find Your State" at www.pcip.gov to find out whether you might be eligible and how to apply.

CLAIMANT
LUIS E CLASS CORREA

SOCIAL SECURITY CLAIM NO.
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

525

Scanned with CamScanner



United States Courts
Southern District of Texas
FILED

OCT 05 2020

David J. Bradley, Clerk of Court

Legal mail District Clerk
United State District Court
For The Southern District of Texas
P.O. Box 61010, Houston, Tx 77208
Houston Division

Luis E. Class 02303801
Ellis Unit
G15-1-18B
1697FM980
Huntsville, Tx, 77343

(Legal mail)