IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS E. CLASS,<br>        *Plaintiff,* | § § § | |
| v. | § | CIVIL ACTION NO. 4:20-CV-03440 |
| LORI DAVIS<br>and<br>KIMBERLY KLOCK<br>and<br>KELLY STRONG, et al.,<br>        *Defendants.* | § § § § § § § § § | |

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)

Defendants Kimberly Klock, Lisa Nichols, Candy Montgomery, Cesar Trevino, and Isaac Clark (collectively "Defendants") file this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b) in response to Plaintiff Luis Class' Original Complaint (ECF No. 1) and the Court's Order for Service (ECF No. 13). In support, Defendants offer the following:

### I.
### STATEMENT OF THE CASE

Plaintiff Luis Class is an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). ECF No. 1 at 2. At all times related to his complaint, Class was housed at the Ellis Unit in Huntsville, Texas. ECF No. 1 at 2. Class filed this action under 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights as well as the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). ECF No. 1 at 1. Specifically, Class alleges the following:

- Defendant Klock was deliberately indifferent when she told him there was nothing she could do about his disciplinary restrictions as the Mental Health Manager. ECF No. 1 at 10, 18.

- Defendant Nichols was deliberately indifferent and violated his right to due process while carrying out her duties as the "worker supervisor." ECF No. 1 at 8, 18.

- Defendant Montgomery was deliberately indifferent when she allegedly yelled at Class to "sit [his] ass up" after all inmates in were ordered to "sit on the floor facing the wall" due to an Incident Command System ("ICS") being initiated. Class further alleges that Montgomery had him placed in a cell for more than 6 hours with no mattress, spoon, or cup, and he was forced to walk up and down stairs. ECF No. 1 at 3–4, 18.

- Class's right to due process was violated when an investigation into his grievances against Montgomery was not done to his liking. ECF No. 1 at 5, 18.

- Trevino was deliberately indifferent to Class' medical needs when he told Sgt. Poteet that Class would be removed from minimum custody and placed in medium custody and would receive a disciplinary case if he did not obey orders to move cells. ECF No. 1 at 6, 7, 18.

- Defendant Clark violated Class's right to due process when he charged Class with false disciplinary charges on July 10, 2020, and informed officials that Class did not want to appear at the disciplinary hearing. Class alleges that he lost 25 days of commissary and recreation privileges as a result of the disciplinary action. ECF No. 8–9, 18.

Class sues Defendants in their official and individual capacities. ECF No. 1 at 3. Class seeks declaratory relief, a preliminary and permanent injunction, compensatory damages, and punitive damages. ECF No. 1 at 19.

## II.
### ARGUMENT

**I.     Class' 42 U.S.C. § 1983 claims against Defendants in their official capacities are barred and should be dismissed pursuant to FED. R. CIV. P. 12(b)(1).**

Neither a state nor a state official sued for damages in his or her official capacity is a "person" for purposes of liability under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66 (1989). Furthermore, a suit for damages against a state official in his or her official capacity is a suit against the State, not the individual. *Id.*

The Eleventh Amendment to the United States Constitution bars such suits against a state unless the state has waived immunity or Congress has abrogated immunity pursuant to its power under § 5 of the Fourteenth Amendment. *Id.* In passing § 1983, Congress "had no intention to disturb the States' Eleventh Amendment immunity." *Id.* Neither Congress nor the State of Texas has waived

Eleventh Amendment immunity under 42 U.S.C. § 1983. Therefore, Class' § 1983 claims for damages against Defendants in their official capacities must be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). *See* FED. R. CIV. P. 12(b)(1).

To the extent that Class seeks injunctive and declaratory relief from Defendants in their official capacities, the Eleventh Amendment bars those claims because he failed to allege an ongoing violation. The *Ex Parte Young* doctrine provides an exception to Eleventh Amendment immunity for prospective, injunctive relief against an ongoing violation of the constitution or federal law. *K.P. v. LeBlanc*, 729 F.3d 427, 439 (5th Cir. 2013); *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 413–14 (5th Cir. 2004). However, the Supreme Court has explained that injunctive relief against the state is barred by the Eleventh Amendment when there are no ongoing violations of federal law, but only a dispute about a state official's "past actions." *Green v. Mansour,* 474 U.S. 64, 68 (1985). The Court reasoned, "[r]emedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law," but "compensatory deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment." *Id.* Declaratory relief is proper where, like prospective injunctive relief, it would end an ongoing violation of federal law or prevent a future violation of federal law; but not where "[t]here is no claimed continuing violation of federal law, and therefore no occasion to use an injunction." *Id.* at 73.

Here, Class asks the Court for declaratory and injunctive relief. ECF No. 1 at 19. Class is barred from bringing such a request against Defendants in their official capacities because he failed to allege an ongoing violation and limited the scope of his request to the Defendants' past actions. Thus, the Court should dismiss Class' official capacity claims against Defendants pursuant to Rule 12(b)(1). *See* FED. R. CIV. P. 12(b)(1).

**II. The Court should grant Defendants' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) because Class failed to state a claim upon which relief may be granted.**

A defendant is entitled to dismissal under FED. R. CIV. P. 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. The Court views all well-pleaded facts in the light most favorable to the plaintiff. *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010). However, the Plaintiff is required to allege facts that support the elements of the cause of action to assert a valid claim. *Id.; see also Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 570 (2007) (holding a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"). The plausibility standard imposes a standard higher than "a sheer possibility that the defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

When presented with a motion to dismiss for failure to state a claim, courts should conduct a two-part analysis. First, the Court must accept all the complaint's well-pleaded facts as true. *Id.* at 677. However, the Court should disregard asserted legal conclusions. *Id.* Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show the plaintiff has a "plausible claim for relief." *Id.* at 679. In other words, a complaint must do mor than allege the plaintiff is entitled to relief. A complaint is required to show such an entitlement by providing sufficient relevant facts rather than mere legal conclusions.

The Supreme Court made clear in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Thus, in considering a motion to dismiss, the court must initially identify pleadings that are simply legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations to determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged—but is has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

### A. Defendants are entitled to qualified immunity.

To the extent Class sues Defendants in their individual capacities, Defendants are entitled to qualified immunity because Class failed to state a constitutional violation against them. The Doctrine of qualified immunity affords protection against individual liability for civil damages, "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Immunity in this sense means immunity from suit, not merely immunity from liability. *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 618 n.3 (5th Cir. 1992). "Qualified immunity is designed to shield from liability all but the plainly incompetent or those who violate the law." *Brady v. Fort Bend Cty.*, 58 F.3d 173, 174 (5th Cir. 1995). "Once the defendant has [asserted qualified immunity as a defense], the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law." *Bazan ex rel. Bazan v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001). "We do not require that an official demonstrate that he did not violate clearly established rights; our precedent places that burden upon plaintiffs." *Pierce v. Smith*, 117 F.3d 866, 872 (5th Cir. 1997).

The qualified immunity analysis has two steps, which can be taken in either order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). "First, [the Court should] assess whether a statutory or constitutional right would have been violated on the facts alleged." *Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir. 2004). Second, the Court should "determine whether the defendant's actions violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* (citing *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). "If the defendant's actions violated a clearly established constitutional right, the Court then asks whether qualified immunity is still appropriate because the defendant's actions were 'objectively reasonable' in light of 'law which was clearly established at the time of the disputed action.'" *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). "In essence, a plaintiff must allege facts sufficient to demonstrate that no reasonable officer

would have believed his actions were proper." *Id.*

Here, Class fails to show Defendants were involved in a constitutional violation. Even when taking Class' well-pleaded facts as true, he fails to state a plausible claim against Defendants. Because Class' allegations fail to demonstrate a constitutional violation, Defendants are entitled to qualified immunity and the claims against them should be dismissed pursuant to Rule 12(b)(6). See FED. R. CIV. P. 12(b)(6).

### B. ADA/RA

"Although the Fifth Circuit has not expressly addressed the question of individual liability under Title II of the ADA, it has recognized that a plaintiff cannot sue an individual under the Rehabilitation Act . . . which provides a comprehensive remedial framework and enforcement provisions similar to the ADA." *Comeaux v. Thaler,* Civil A. No. H-01-1411, 2008 WL 818341, at 18 (S.D. Tex. 2008) (citing *Lollar v. Baker,* 196 F.3d 603, 609 (5th Cir. 1999). Applying the same reasoning, the Eighth Circuit and Texas district courts have uniformly held that Title II of the ADA does not authorize suit against individual capacity defendants. *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 & n.8 (8th Cir. 1999) (en banc), *cert. dismissed*, 529 U.S. 1001 (2000); *Comeaux,* 2008 WL 818341, at *18; *Pena v. Bexar Cty.,* 726 F. Supp.2d 675, 689–90 (W.D. Tex. 2010); *Willis v. Lacox,* Civ. A. No. 9:10cv108, 2012 WL 441198, at *8 (E.D. Tex. 2012); *Molina v. Volunteers of America,* Case No. 3:17-cv-00882, 2019 WL 4169051, at *2 (N.D. Tex. 2019). Thus, Class' ADA claims should be dismissed to the extent they are brought against any Defendant in his or her individual capacity. *See Lolla v. Baker,* 196 F.3d 603, 608–09 (5th Cir. 1999).

Additionally, under the Prison Litigation Reform Act ("PLRA"), Class cannot recover compensatory damages absent a showing of physical injury or sexual assault. *See* 42 U.S.C. § 1997e(e). Punitive damages are unavailable for violation of the ADA and RA. *See Barnes v. Gorman,* 536 U.S. 181, 189 (2002). Thus, the Court should dismiss Class' claims for damages under the ADA and RA.

To the extent Class seeks injunctive relief under the ADA and the RA, his claim fails because he fails to allege that he has been denied access to any of TDCJ's programs, services, or activities. To state a claim under the ADA or the RA, a plaintiff must show "(1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity, and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability." *Cadena v. El Paso Cty.,* 946 F.3d 717, 723–24 (5th Cir. 2020) (internal marks omitted). "A plaintiff's requested accommodation must also be 'reasonable,' meaning that it does not impose undue financial or administrative burdens or 'fundamentally alter the nature of the service, program or activity.'" *Id.* at 724 (citing 28 C.F.R. § 35.130(b)(7); *Frame v. City of Arlington,* 657 F.3d 215, 232 (5th Cir. 2011) (en banc)). To recover monetary damages, a plaintiff must show that the discrimination was intentional. *Wells v. Thaler*, 460 F. App'x 303, 311–12 (5th Cir. 2012) (citing *Delano-Pyle v. Victoria Cnty.,* 302 F.3d 567, 574 (5th Cir. 2002)). The Fifth Circuit applies the same standards and remedies to Title II ADA and RA claims. *See Hainze v. Richards,* 207 F.3d 795, 799 (5th Cir. 2000) (quoting H.R. Rep. No. 101-485, pt. III at 49–50 (1990)); *see also Frame,* 657 F.3d at 225.

Assuming *arguendo* that Class has pleaded a qualifying disability, he does not allege facts that show that TDCJ (or any defendant in their official capacity) has excluded him from a program, service, or activity or intentionally discriminated against him because of his disability. Rather, Class provides only conclusory statements that Defendants have discriminated against him. Because Class fails to plead facts to show that he is being excluded from a program, service, or activity under the ADA/RA or that he is being discriminated against because of his disability, his ADA/RA claim should be dismissed for failure to state a claim for which relief may be granted.

### C. Deliberate Indifference

The Court should dismiss Class' claims of deliberate indifference because he fails to plead facts sufficient to satisfy the high standard required to demonstrate an Eighth Amendment violation. To establish that a defendant was deliberately indifferent, the plaintiff must show that the defendant: (1) was aware of the facts from which he could infer there was an excessive risk to the prisoner's health and safety; and (2) that he actually inferred there was an excessive risk to the prisoner's safety. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). Thus, Class must show that each defendant had subjective awareness of facts from which she could have inferred that her actions would have posed a substantial risk that Class would have suffered harm. *See Farmer v. Brennan,* 511 U.S. 825, 837(1994). Class must then show that each defendant made such an inference. *See id.*

"Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference under the Eighth Amendment requires a showing of "subjective recklessness" as used in criminal law. *Farmer,* 511 U.S. at 839–40.

The Fifth Circuit has explained that an allegation that a medical professional misdiagnosed an inmate does not rise to a claim for deliberate indifference. *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985). "Rather, the plaintiff must show the officials 'refused to treat him, . . . intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino,* 239 F.3d at 756.

An inmate's disagreement with a physician about his medical treatment is insufficient to state a claim of deliberate indifference. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995). Mere negligence, neglect, or medical malpractice does not constitute deliberate indifference. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (citing *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979)).

Class fails to state a claim for deliberate indifference against any of the Defendants because he failed to plead facts that would lead to an inference that Defendants were aware of enough facts to lead them to believe that Class' was at risk of serious harm. Rather, class pleads nothing more than conclusory statements that Defendants were deliberately indifferent. *See* ECF No. 1 at 18.

i. *Kimberly Klock*

Class claims that Klock was deliberately indifferent to his serious need when she told him there was nothing she could do about his disciplinary restrictions as the Mental Health Manager. ECF No. 1 at 10. Class, however, fails to plead any facts with a tendency to demonstrate that Klock was aware of enough facts to lead her to believe that her inability to intervene in disciplinary actions would pose a serious risk of substantial harm to Class. Furthermore, Class does not plead that Klock failed to treat him, mistreated him intentionally, "or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino,* 239 F.3d at 756.

Moreover, Class fails to plead that he suffered a substantial physical harm as a result of Klock's alleged actions and he is barred from recovery of damages under the PLRA. *See* 42 U.S.C. § 1997e(e); *see also Herman v. Holiday,* 238 F.3d 660, 665 (5th Cir. 2001) (applying Section 1997e(e) to an Eighth Amendment claim where plaintiff made no showing of physical injury). Thus, the Court should dismiss Class' claims against Klock pursuant to Rule 12(b)(6). *See* FED. R. CIV. P. 12(b)(6).

ii. *Lisa Nichols*

To the extent Class claims Nichols was deliberately indifferent to his serious needs while carrying out her duties as the "worker supervisor," his claim fails because he has not pleaded enough facts to meet the high burden for a claim of deliberate indifference. *See* ECF No. 1 at 8, 18; *Easter*, 467 F.3d at 463. Moreover, Class failed to plead facts that demonstrate Nichols was personally involved in any actions that could constitute deliberate indifference. Rather, he provides a conclusory statement that Nichols was deliberately indifferent because she is the "worker supervisor." ECF No. 1 at 8.

It is well-settled that a plaintiff in a civil rights case must demonstrate not only a constitutional violation, but also personal involvement on behalf of those alleged to have violated the plaintiff's constitutional rights. See *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (providing "[p]ersonal involvement is an essential element of a civil rights cause of action."); *Thompson v. Crnkovich*, No. 1:16-CV-055 BL, 2017 WL 5514519, at *2 (N.D. Tex. Nov. 16, 2017) (explaining "[w]ithout personal involvement or participation in an alleged constitutional violation, or implementation of a deficient policy, the individual should be dismissed as a defendant").

Moreover, the Supreme Court has rejected the contention that government officials may be held liable under § 1983 merely because they had knowledge or acquiesced in the misconduct of their subordinates. *Iqbal,* 556 U.S. at 677. Rather, each government official is only liable for his own misconduct. *Id.* Furthermore, a supervisory official can only be held liable if (1) she affirmatively participates in the acts that cuase the deprivation of a constitutional right, (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations, or (3) she implements an unconstitutional policy that causes a deprivation. See *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008); *see also Pena v. City of Rio Grande City*, 879 F.3d 613, 620 (5th Cir. 2018).

Here, Class fails to plead any facts with a tendency to demonstrate that Nichols was personally involved in any Eighth Amendment violation. *See* ECF No. 1 at 8. Rather, Class merely pleads that Nichols is liable in her capacity as the "worker supervisor." ECF No. 1 at 8. Such an assertion, however, fails to demonstrate that Nichols was personally involved in a constitutional deprivation and fails to satisfy the requirements for a claim of deliberate indifference. Thus, the Court should dismiss the claims against Nichols for lack of personal involvement. See *Thompson*, 709 F.2d at 382.

      *iii.*    <u>Candy Montgomery</u>

Class claims that Defendant Montgomery was deliberately indifferent when she allegedly yelled at Class to "sit [his] ass up" after all inmates in were ordered to "sit on the floor facing the wall" due

to an Incident Command System ("ICS") being initiated. Class further alleges that Montgomery had him placed in a cell for more than 6 hours with no mattress, spoon, or cup, and he was forced to walk up and down stairs. ECF No. 1 at 3–4, 18. Class' allegations, however, fail to rise to the level of deliberate indifference and the Court should dismiss his claims pursuant to Rule 12(b)(6).

To the extent Class claims Montgomery's alleged use of threatening language constitutes deliberate indifference, his claim fails because mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation. *See Bender v. Brumley,* 1 F.3d 271, 274 n.3 (5th Cir. 1993); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983).

Similarly, Class' claim that he was placed in a cell for more than 6 hours with no mattress, spoon, or cup, and that he was forced to walk up and down stairs fails to rise to the level of deliberate indifference. "It is well settled that 'the Constitution does not mandate comfortable prisons,' and that prison conditions may be 'restrictive and even harsh' without running afoul of the Eighth Amendment." *Hernandez v. Velasquez,* 522 F.3d 556, 560 (5th Cir. 2008) (per curiam) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Here, Class' claim fails because the alleged actions do not shock the conscience of mankind or equate to a denial of the minimal civilized necessities of life. See *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998) (no Eighth Amendment violation where offender confined for three days in crisis management cell with blood on walls and excretion on floor); see also *Hutto v. Finney*, 437 U.S. 678, 686–87 (1978) ("the length of confinement cannot be ignored . . . A filthy overcrowded cell . . . might be tolerable for a few days and intolerably cruel for weeks or months.")

Assuming the facts are true as stated by Class, the treatment received was, at best, improper and should not be replicated. However, Class fails to plead enough facts to demonstrate that Montgomery was deliberately indifferent to Class' health and safety. Moreover, Class fails to link a physical injury to Montgomery's alleged actions. As such, the Court should dismiss Class' claims against Montgomery pursuant to Rule 12(b)(6). *See* FED. R. CIV. P. 12(b)(6).

      *iv.*    *Cesar Trevino*

Class claims that Trevino was deliberately indifferent to his medical needs when he told Sgt. Poteet that Class would be removed from minimum custody and placed in medium custody and receive a disciplinary case if he did not obey orders to move cells. ECF No. 1 at 6, 7, 18. Class' claim however fails because mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation. *See Bender,* 1 F.3d at 274 n.3); *McFadden,* 713 F.2d at 146.

Moreover, Class fails to plead facts with a tendency to demonstrate that Trevino had any indication that ordering Class to follow orders would result in substantial harm to Class. Rather, Class merely makes conclusory allegations that Trevino was deliberately indifferent because of the order. *See* ECF No. 1 at 6–7. As such, Class has failed to plead a claim of deliberate indifference against Trevino and the Court should dismiss those claims. *See Farmer,* 511 U.S. at 837.

**D. Due Process**

To the extent Class asserts that Nichols and Clark deprived him of the right to due process, his claim fails because he has not shown that he was deprived of a liberty interest. To establish a due process violation under the Fourteenth Amendment, a plaintiff must offer proof of: (1) a deprivation of a protected interest; and (2) an absence of due process. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982).

To the extent Class claims that Nichols violated his right to due process by not assigning him to a specific job, his claim fails because inmates have no liberty interest in a specific job assignment. *See Jackson v. Cain,* 864 F.2d 1235, 1250 (5th Cir. 1989) (holding that prison inmates have no constitutionally protected liberty interest in their job assignments). Because inmates have no liberty interest in job assignments, the Court should dismiss Class' due process claims against Nichols.

Additionally, Class claims that Clark deprived him of due process when he charged Class with false disciplinary charges on July 10, 2020, and informed officials that Class did not want to appear at

the disciplinary hearing. Class alleges that he lost 25 days of commissary and recreation privileges as a result of the disciplinary action. ECF No. 8–9, 18. However, Class again fails to point to the deprivation of a constitutionally protected liberty interest. *See Malchi v. Thaler,* 211 F.3d 953, 958–59 (5th Cir. 2000) (holding the loss of commissary privileges and cell restriction do not implicate due process concerns); *Toney v. Owens,* 779 F.3d 330, 342 (5th Cir. 2015) (quoting *Nathan v. Hancock,* 477 F. App'x 197, 199 (5th Cir. 2012) (unpublished) (holding "the loss of recreation and commissary privileges . . . does not implicate a liberty interest because those punishments do not represent the type of atypical, significant deprivation in which a State might conceivably create a liberty interest")). Thus, the Court should dismiss Class' due process claims against Clark.

Insofar as Class claims his right to due process was violated when an investigation into his grievances against Montgomery were not done to his liking, his claim fails because inmates have no liberty interest in having grievances determined to their liking. *See* ECF No. 1 at 5, 18; *Geiger v. Jowers,* 404 F.3d 371, 373–74 (5th Cir. 2005); *see also Edmond v. Martin, et al.,* slip op. no. 95-60666 (5th Cir., Oct. 2, 1996) (unpublished) (prisoner's claim that a defendant "failed to investigate and denied his grievance" raises no constitutional issue); Thomas v. Lensing, et al., slip op. no. 01-20658 (5th Cir., Dec. 11, 2001) (unpublished) (same). Because Class does not have a protected liberty interest in the outcome of his grievances, he has failed to state a due process violation and the Court should dismiss his claim pursuant to Rule 12(b)(6). *See* FED. R. CIV. P. 12(b)(6).

### III.
#### CONCLUSION

The Eleventh Amendment bars Class' claims against Defendants in their official capacities. Additionally, Class fails to state a constitutional claim or a claim under the ADA or RA against Defendants. As such, Defendants are entitled to qualified immunity and pray that this Court will grant their motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Chief, Law Enforcement Defense Division

/s/ Wesley D. Lunkley
**WESLEY D. LUNKLEY**
Assistant Attorney General
Law Enforcement Defense Division
State Bar No. 24106232
Southern District No. 3182497
Wesley.Lunkley@oag.texas.gov

**OFFICE OF THE ATTORNEY GENERAL**
P.O. Box 12548, Capitol Plaza
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9893

***Attorneys for Defendants***

## NOTICE OF ELECTRONIC FILING

I, **WESLEY D. LUNKLEY**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing, **DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)** in accordance with the Electronic Case Files System of the Southern District of Texas, on the 1st day of February, 2021.

/s/ Wesley D. Lunkley
**WESLEY D. LUNKLEY**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **WESLEY D. LUNKLEY**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and forgoing, **DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)** has been served via US Postal Service, postage prepaid, on this, the 28 day of January, 2021, addressed to:

Luis E. Class                                                         *Via Certified Mail*
TDCJ No. 02303801
Ellis Unit
1697 FM 980
Huntsville, TX 77343
**Plaintiff Pro Se**

/s/ Wesley D. Lunkley
**WESLEY D. LUNKLEY**
Assistant Attorney General
