Case 4:20-cv-03440   Document 63   Filed on 09/30/21 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
September 30, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS E. CLASS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-3440 |
| | § | |
| LORI DAVIS | § | |
| and | § | |
| KIMBERLY KLOCK | § | |
| and | § | |
| KELLY L. STRONG, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Luis E. Class is an inmate in the Ellis Unit of the Texas Department of Criminal Justice ("TDCJ"). He filed a civil rights complaint alleging that the defendants violated his rights under the Eighth and Fourteenth Amendments, the Americans with Disabilities Act, and the Rehabilitation Act. The Court previously dismissed Class' claims against several TDCJ supervisory officials.

The remaining defendants moved to dismiss the complaint, and Class responded to the motion. For the reasons that follow, the defendants' motion is granted, and the complaint is dismissed with prejudice.

### I. Background

Class alleges that he was waiting in line to receive medication when an Incident Command System was initiated. A Corrections Officer told the inmates waiting for medication to sit on the floor facing the wall. Class told the officer that he had a history of back surgeries that limited his ability to sit on the floor. As Class explained the situation to a Corrections Sergeant, defendant Candy L. Montgomery, a Corrections Captain, approached and yelled at Class to "sit your ass

up" or be sent to segregation. Class responded that he could not sit on the floor. Montgomery instructed the Sergeant to place Class in a segregation cell, where he remained for six hours. Class alleges that the cell had no mattress, that he had to eat dinner without utensils or a cup, and that he was forced to climb stairs. He contends that no investigation was made into his medical status, though he acknowledges that he was not charged with a disciplinary violation.

Class further alleges that, at a later date, he was placed in quarantine after showing symptoms of Covid-19 infection. He was required to climb stairs and was placed in a unit undergoing renovation, resulting in a lot of ambient concrete dust. He informed officers about his medical issues, and his concerns were relayed to defendant Captain Cesar Trevino, who responded that no medical restrictions were permitted in isolation, and that Class would be subject to discipline if he disobeyed orders.

Class alleges that he filed grievances over his work assignments which, he claims, were unsuitable for his medical condition. He alleges that the Worker Supervisor, who he believes was defendant Major Lisa M. Nichols, never responded to his complaints.

Class next alleges that he was improperly charged with a disciplinary violation for something that his cellmate did. When he informed defendant Sergeant Isaac J. Clark that he wished to have a hearing on the charge, Clark incorrectly informed hearing officials that Class wished to waive his right to a hearing. Class had some disciplinary restrictions imposed on him as a result of these charges.

Class complained about the disciplinary restrictions, as well as depression and anxiety, to defendant Kimberly Klock, the Ellis Unit Mental Health Manager. Class alleges that Klock told him that there was nothing she could do about the disciplinary restrictions, and that he would have to file a grievance.

Class alleges that these acts and omissions of the defendants violated his rights under the Eighth and Fourteenth Amendments, the Americans with Disabilities Act, and the Rehabilitation Act. He sues the defendants in their individual and official capacities, and seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

## II. Standards of Review

### A. Rule 12(b)(1)

A federal court must dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the plaintiff's claims. *Home Builders Assoc' of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). In resolving a motion under Rule 12(b)(1), a court may refer to evidence outside the pleadings. *Espinoza v. Mo. Pacific R. Co.,* 754 F.2d 1247, 1248 n. 1 (5th Cir.1985).

### B. Rule 12(b)(6)

In reviewing a motion to dismiss under Rule 12(b)(6), the complaint is liberally construed in favor of the plaintiff, and all well-pleaded facts are taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

### III. <u>Analysis</u>

#### A. <u>Eleventh Amendment Immunity</u>

To the extent that Class seeks damages from the defendants in their official capacities, the claims are barred by the Eleventh Amendment. "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). A suit for damages against a state official in his official capacity is not a suit against the individual, but against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

While the Eleventh Amendment does not prohibit prospective injunctive relief, *see Ex Parte Young*, 209 U.S. 123 (1908), Class does not allege any ongoing constitutional violations. Therefore, his claims against the defendants in their official capacities must be dismissed.

#### B. <u>Statutory Claims</u>

Class contends that the defendants' alleged actions and omissions violated his rights under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). For the reasons that follow, Class fails to state a claim on which relief can be granted.

##### 1. <u>ADA</u>

Title II of the ADA, 42 U.S.C. § 12132, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

> A plaintiff states a claim for relief under Title II if he alleges: (1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability.

*Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

Assuming that Class sufficiently pleads that he has a qualifying disability, he does not claim that he was denied the benefits of any services, programs, or activities, nor does he allege that he was discriminated against by reason of his disability. On the contrary, Class complains that he was treated the same as other inmates, *i.e.*, ordered to sit on the floor and threatened with disciplinary action when he failed to do so. He fails to plead facts stating a violation of his rights under the ADA.

### 2. RA

The RA provides that "[n]o otherwise qualified individual with a disability ... shall solely by reason of his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance ...." 29 U.S.C. § 794(a). The ADA, which generally tracks the language set forth in the RA, expressly provides that "[t]he remedies, procedures and rights" available under the RA are also accessible under the ADA. *Delano-Pyle v. Victoria County, Tex.*, 302 F.3d 567, 574 (5th Cir. 2002) (quoting 42 U.S.C. § 12133). The Fifth Circuit has recognized, therefore, that "[j]urisprudence interpreting either section is applicable to both." *See id.* (quoting *Hainze v. Richards,* 207 F.3d 795, 799 (5th Cir. 2000)). For the same reasons that Class fails to state a Claim under the ADA, he fails to state a claim under the RA.

### C. The Eighth Amendment

> A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain . . . The "deliberate indifference" standard requires a showing that the official was subjectively aware of the risk [of serious harm to the inmate]. A prison official cannot be found liable under the

> Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006)(internal quotation marks and citations omitted). Class must plead facts meeting this standard with regard to each defendant.

### 1. Kimberly Klock

Class alleges that Kimberly Klock, the unit Mental Health Manager, violated his Eighth Amendment rights when she told him that there was nothing she could do about his disciplinary restrictions, but that he would instead have to file a grievance. Class fails to plead any facts showing that Klock: a.) had any power to alter the disciplinary restrictions; or b.) was subjectively aware or any substantial harm caused by the restrictions. In addition, Class fails to plead any facts showing that he did, in fact, suffer any substantial harm from the disciplinary restrictions. His therefore fails to state an Eighth Amendment claim against Klock.

### 2. Lisa Nichols

Class alleges that he believes that Lisa Nichols was the Worker Supervisor and that she failed to respond to his grievance. He does not allege any facts showing that Nichols was aware of any risk of serious harm to Class, or that he suffered any harm as a result of her alleged failure to respond. Her mere failure to respond to a grievance does not rise to the level of an Eighth Amendment violation.

### 3. Candy Montgomery

Class alleges that Montgomery told him to "sit his ass up" and, when he informed her that he could not, had him placed in a cell lacking basic amenities, like a mattress, for six hours.

This does not state an Eighth Amendment violation. "As a rule, mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." *McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir. 1983)(internal quotation marks and citation omitted); *see also Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008)( "the Constitution does not mandate comfortable prisons, and . . . prison conditions may be restrictive and even harsh without running afoul of the Eighth Amendment.")(internal quotation marks and citation omitted).

### 4. Cesar Trevino

Class alleges that Trevino threated him with disciplinary action if he disobeyed orders. As noted above, mere threatening words do not rise to the level of an Eighth Amendment violation. *McFadden,* 713 F.2d at 146.

### D. Due Process

Class also alleged that defendant Clark filed false disciplinary charges against him, and lied that Class waived his right to appear at a hearing on those charges. The charges resulted in Class losing 25 days of commissary and recreation privileges.

> The procedural protections of the due process clause are triggered only where there has been a deprivation of life, liberty, or property. *Wilkinson v. Austin,* 545 U.S. 209, 221, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005). Because neither [Class]'s life nor property interests are at stake, the "threshold question" is "whether he had a liberty interest that the prison action implicated or infringed." *Richardson v. Joslin,* 501 F.3d 415, 418 (5th Cir.2007) (internal quotation marks omitted). In *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court held that the focus of this inquiry should be on "the nature of the deprivation . . . ." *Id.* at 481–82, 115 S.Ct. 2293. Accordingly, . . . such "interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

prison life." *Id.* at 483–84, 115 S.Ct. 2293 (internal citations omitted).

*Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015). Under this standard, Class fails to identify any protected liberty interest that was implicated by Clark's alleged actions. "[T]he loss of recreation and commissary privileges . . . does not implicate a liberty interest because those punishments do not represent the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Nathan v. Hancock*, 477 F. App'x 197, 199 (5th Cir. 2012)(internal quotation marks and citations omitted). Similarly, to the extent that Class alleges that handling of his grievances violated his right to due process, he fails to state a claim for relief because Class has no liberty interest in the processing of his grievances. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).

## IV. Conclusion and Order

For the reasons stated above, the defendants' motion to dismiss (Doc. # 28) is GRANTED, and the Complaint (Doc. # 1) is DISMISSED WITH PREJUDICE.

It is so ORDERED.

SIGNED on this 30th day of September, 2021.

                                              Kenneth M. Hoyt
                                              United States District Judge